Charles Tyree GREEN, Petitioner–Appellant,

v.

Theo WHITE, Warden, Respondent–Appellee.

No. 99–17653.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 11, 2000

Filed Sept. 5, 2000

**5.** *See Seaboard Shipping,* 461 F.2d at 504–05.

Frank G. Prantil, Sacramento, CA, for petitioner-appellant.

Dane R. Gillette, Deputy Attorney General, San Francisco, CA, for respondent-appellee.

Before: THOMPSON, T.G. NELSON and SILVERMAN, Circuit Judges.

T.G. NELSON, Circuit Judge:

Charles Tyree Green, a prisoner in the State of California, appeals from the federal district court's dismissal of his petition for a writ of habeas corpus. The district court found that the petition was untimely filed under 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

## I.

On July 25, 1986, a jury convicted Charles Tyree Green of first-degree murder and robbery. Green was sentenced to life in prison, without the possibility of parole. Following his direct state appeals, Green filed a petition for writ of habeas corpus in federal district court on October 8, 1993. The district court first dismissed the petition on February 6, 1995, and ultimately dismissed that petition without prejudice on June 5, 1996, apparently because Green had not exhausted his state remedies as to some claims. Green then filed a state petition for a writ of habeas corpus in the California Supreme Court on June 2, 1997. That court denied the petition on October 29, 1997.

■ Green then filed the present petition for habeas corpus in federal district court on November 5, 1998.[1] The district court dismissed Green's petition with prejudice because it was untimely filed. Green appeals, claiming that AEDPA's one-year limitation should have been tolled pursuant to 28 U.S.C. § 2244(d)(2), that his present petition was timely because it related back to his earlier dismissed petition, that the one-year limitation should have been equitably tolled, and that AEDPA's one-year limitation violates the Suspension Clause.

## II.

### A. Section 2244(d)(2) Tolling

The AEDPA requires that a petition for a writ of habeas corpus by a state prisoner be filed within one year from "the date on which the judgment became final by the

---

1. The present petition is not a "second or successive petition" because the earlier petition, filed in 1993, was not adjudicated on the merits. See Slack v. McDaniel, 529 U.S. 473, 120 S.Ct. 1595, 1604–05, 146 L.Ed.2d 542 (2000).

conclusion of direct review or the expiration of the time for seeking review." 28 U.S.C. § 2244(d)(1)(A). Because Green's judgment of conviction became final prior to the enactment of the AEDPA, Green had until April 23, 1997, to file his federal habeas petition. *See Miles v. Prunty,* 187 F.3d 1104, 1105 (9th Cir.1999). Assuming that the proceedings in state court were sufficient to toll the one-year limitation period, *see* 28 U.S.C. § 2244(d)(2), Green did not file his state habeas petition until June 2, 1997. Moreover, Green waited more than one year after the state court denied his state habeas petition before filing the present petition in federal district court. Therefore, because the limitations period had already run, tolling the one-year statute for the period that Green's action was pending in state court would not make his federal habeas petition timely since he waited more than one year after the state court decision before he filed the petition in this case.

## B. *Relation Back*

■ Green obtained a voluntary dismissal of his earlier habeas petition in order to exhaust his state remedies. A second habeas petition does not relate back to a first habeas petition when the first habeas petition was dismissed for failure to exhaust state remedies. *See Van Tran v. Lindsey,* 212 F.3d 1143, 1148 (9th Cir.2000). When the present petition was filed, there was no pending petition to which the new "petition could relate back or amend." *Henry v. Lungren,* 164 F.3d 1240, 1241 (9th Cir.1999). Therefore, Green's present petition does not relate back to his earlier petition that was dismissed.

## C. *Equitable Tolling*

■ Green contends that the AEDPA's one-year time limitation should be equitably tolled because any delay is a result of his and his attorney's reliance upon the holding of *Lindh v. Murphy,* 521 U.S. 320,

117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). *Lindh* held that the AEDPA does not apply to habeas corpus petitions in noncapital cases that were pending when the act became effective. *Id.* at 322–23, 117 S.Ct. 2059. "We will permit equitable tolling of AEDPA's limitations period only if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Miles,* 187 F.3d at 1107 (quotations omitted).

First, reliance on *Lindh* could not possibly have caused Green to delay in filing his state habeas petition. Green filed his state petition on June 2, 1997, three weeks *before* the Supreme Court issued its decision in *Lindh,* and 362 days *after* the district court had dismissed the earlier petition at Green's request. Second, any reliance upon *Lindh* was not reasonable. *Lindh* involved federal proceedings addressing a single habeas petition that had been filed prior to the enactment of the AEDPA. There was nothing in *Lindh* that would indicate that the AEDPA would not apply to a habeas petition filed after the AEDPA's effective date where an earlier habeas petition had been dismissed. The doctrine of equitable tolling is inapplicable here.

## D. *Suspension Clause*

■ Green contends that the one-year time limitation of AEDPA unconstitutionally suspends the writ of habeas corpus.[2] We disagree.

The one-year limitations period violates the Suspension Clause if it renders the remedy of habeas corpus "inadequate or ineffective." *Swain v. Pressley,* 430 U.S. 372, 381, 97 S.Ct. 1224, 51 L.Ed.2d 411 (1977). We join the other circuits that have considered this issue and hold that AEDPA's one-year limitation does not constitute a per se violation of the Suspension Clause.

The one-year limitation does not violate the Suspension Clause because it is not

---

2. Article I, § 9, clause 2 of the Constitution provides: "The privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it."

jurisdictional and may be subject to equitable tolling. *See Lucidore v. New York State Div. of Parole,* 209 F.3d 107, 113 (2d Cir.2000) (concluding that "because AEDPA's one-year statute of limitations leaves habeas petitioners with some reasonable opportunity to have their claims heard on the merits," it does not constitute a per se violation of the Suspension Clause), *petition for cert. filed,* 69 U.S.L.W. 3086 (U.S. July 5, 2000); *Turner v. Johnson,* 177 F.3d 390, 392–93 (5th Cir.), *cert. denied,* — U.S. —, 120 S.Ct. 504, 145 L.Ed.2d 389 (1999); *Miller v. Marr,* 141 F.3d 976, 978 (10th Cir.1998). "The one-year time period begins to run in accordance with individual circumstances that could reasonably affect the availability of the remedy, but requires inmates to diligently pursue claims." *Miller,* 141 F.3d at 978 (internal citations omitted) (citing *Calderon v. United States District Court,* 128 F.3d 1283, 1289 (9th Cir.1997) (en banc)). We therefore hold that the one-year limitation does not per se render the writ of habeas corpus inadequate or ineffective.

AFFIRMED.