[NOT FOR PUBLICATION-NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals
## For the First Circuit

---

No. 00-1524

RAYMOND L. GARY,

Petitioner, Appellant,

v.

UNITED STATES,

Respondent, Appellee.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

[Hon. Mary M. Lisi, U.S. District Judge]

---

Before

Stahl, Circuit Judge,
Campbell and Bownes, Senior Circuit Judges.

---

Raymond L. Gary on brief pro se.
Margaret E. Curran, United States Attorney, Donald C.
Lockhart and Gerard B. Sullivan, Assistant United States
Attorneys, on brief for appellee.

---

February 2, 2001

---

**Per Curiam**. Raymond J. Gary appeals pro se from the denial of his 28 U.S.S. § 2255 petition as untimely given the one-year time limit imposed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Passing the question whether the time limits of amended § 2255 are subject to equitable tolling, we affirm essentially for the reasons stated by the district court. We add the following comments to address arguments pressed on appeal.

Gary suggests that the one-year time limitation should be equitably tolled because he was "misled" by Lindh v. Murphy, 521 U.S. 320 (1997) into thinking that the AEDPA does not apply where, as here, the underlying criminal case was initiated pre-AEDPA. This argument fails. First, Gary's interpretation of Lindh is not reasonable. Cf. Green v. White, 223 F.3d 1001, 1003 (9th Cir. 2000) (denying equitable tolling where reliance on Lindh was not reasonable). Second, Gary's reliance argument is largely undercut by the fact that Lindh was decided only one day before his § 2255 petition was due.

Gary also suggests that equitable tolling is warranted because his attorney gave him misleading advice to the effect that he had "plenty of time" and should wait until he reached his final destination before sending for

his record.  This argument fails if for no reason than that attorney error does not, as a general rule, warrant equitable tolling.  See, e.g., Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000) (counsel's confusion about AEDPA's time limit does not warrant equitable tolling); Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999) (denying equitable tolling where § 2255 petition was late because attorney used regular mail).

As for Gary's suggestion that equitable tolling is warranted because his counsel intended to deceive him, this argument is arguably waived.  In his factual proffer below, Gary did not aver that counsel acted from an improper motive.  In any event, the argument fails on the proffered facts.  There is no suggestion in Gary's affidavit that he indicated to counsel a desire to collaterally attack his conviction until sometime after the time limit expired. Rather, during the relevant period, Gary and his attorney discussed Gary's desire to get federal credit for time served in state custody.  In the context of this conversation, counsel's advice seems appropriate.

Finally, Gary proffers copies of letters in which he requests his former counsel to send his record.  These letters were not submitted below.  Even if we could properly

consider this material (and we cannot), see United States v. Kobrosky, 711 F.2d 449, 457 (1st Cir. 1983) (evidentiary matters not first presented to the district court are not properly before us), it would not alter the outcome.  The letters go to the question whether Gary was unable to file a timely § 2255 petition due to the fact that he did not have necessary parts of the record, and, if so, whether he was diligent in seeking his case file from his attorney. The letters are some evidence that Gary was diligent late in the game, when the time limit had already expired.  However, they do not show him to have been diligent during the relevant period.  In fact, during the relevant period Gary simply acquiesced in his attorney's suggestion that he wait until he reach his final destination before sending for his record.

Affirmed.