Marjorie M. FRANKLIN, Petitioner–Appellant,

v.

Belinda STEWART, Respondent–Appellee.

No. 00–35759.

D.C. No. CV–00–05069–FDB.

United States Court of Appeals, Ninth Circuit.

Submitted June 6, 2001 *.

Decided July 3, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed.

Before JAMES R. BROWNING, WALLACE, and T.G. NELSON, Circuit Judges.

R.App. P. 34(a)(2).

1. "A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The one-year statute of limitations was added by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Because Franklin filed her petition after the effective date of the AEDPA, she is subject to its provisions. *Lindh v. Murphy,* 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

MEMORANDUM **

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

■ Franklin does not argue that the district court erred in concluding that her habeas petition was filed beyond the one-year statute of limitations.[1] Instead, she argues that the one-year statute of limitations should not apply to her petition because her conviction is "void" or a "nullity." However, her conviction is not "void" or a "nullity." At most, the claims that she raised in her petition made her conviction "voidable." Thus, we do not address that argument.

Further, it is clear that extraordinary circumstances beyond Franklin's control did not make it impossible for her to file her petition on time.[2] Franklin alleges no facts that excuse her untimely petition, and thus, the one-year limitations period was not "equitably tolled."[3]

■ Moreover, Franklin did not assert her claim of actual innocence in her petition or before the district court. Thus, at least with respect to this petition, Franklin waived any claim of actual innocence. Even if this claim were not waived, Franklin could not avoid the one-year statute of limitations on this ground because she has not presented any new evidence which establishes her innocence.[4]

2. *See Green v. White,* 223 F.3d 1001, 1003 (9th Cir.2000).

3. *See id.; see also Calderon v. United States Dist. Ct. for the Cent. Dist. of Cal.,* 163 F.3d 530, 541 (9th Cir.1998) (en banc).

4. *See Schlup v. Delo,* 513 U.S. 298, 316, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995) ("Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a *barred* claim." (emphasis added)).

Finally, applying the one-year limitations period to Franklin's petition does not violate the Suspension Clause.[5] In a particular case, the one-year limitations period could violate the Suspension Clause if it rendered the remedy of habeas corpus "inadequate or ineffective."[6] That is not the case here. The remedy of habeas corpus was always available to Franklin, but she simply did not act diligently in pursuing it.

Accordingly, we hold that the district court did not err in dismissing Franklin's petition on the ground that it was untimely. AFFIRMED.

---

5. U.S. Const. art. I, § 9, cl. 2.

6. *Green*, 223 F.3d at 1003.

\* Larry G. Massanari, is substituted for his predecessor, as Acting Commissioner of the Social Security Administration. Fed. R.App. P. 43(c)(2).

\*\* The Honorable Morton I. Greenberg, United States Circuit Judge for the Third Circuit, sitting by designation.

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.