**Kenneth Charles ELDER, Petitioner–Appellant,**

v.

**CALIFORNIA DEPARTMENT OF CORRECTIONS; et al., Respondents–Appellees.**

**No. 00–17314.**
**D.C. No. CV–99–01517–LKK.**

United States Court of Appeals, Ninth Circuit.

courts of this circuit except as may be provided by 9th Cir. R. 36–3.

Submitted Aug. 13, 2001.*

Decided Aug. 29, 2001.

Before HAWKINS, TASHIMA, and GOULD, Circuit Judges.

### MEMORANDUM **

California state prisoner Kenneth Charles Elder appeals pro se from the district court's dismissal of his 28 U.S.C. § 2254 habeas petition on statute of limitation grounds. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

We review de novo a district court's dismissal of a habeas petition on statute of limitation grounds. *Miles v. Prunty,* 187 F.3d 1104, 1105 (9th Cir.1999). We also review de novo a district court's decision regarding equitable tolling. *Id.*

■ Elder contends that his petition was timely filed because he filed it within one year after the California Supreme Court denied his state petition. The AEDPA one-year statute of limitations period, however, began to run against Elder on August 10, 1997, the date on which his state court judgment became final. 28 U.S.C. § 2244(d)(1)(A). Excluding the time during which his state petition was pending before the California Supreme Court, Elder's federal petition should have been filed no later than January 26, 1999. *See Nino v. Galaza,* 183 F.3d 1003, 1006 (9th Cir.1999) (holding that statute of limitations is tolled until the California Supreme Court rejects petitioner's collateral

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, Elder's request for oral argument is denied.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

challenge). Elder's petition filed August 5, 1999, therefore is untimely.

■ Alternatively, Elder contends that delay in receiving trial transcripts and limited access to the prison library are extraordinary circumstances warranting equitable tolling. *Miles v. Prunty,* 187 F.3d at 1107 (stating that when external forces, rather than the petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling may be appropriate). We reject this contention because Elder was able to file his state petition, relying on those same transcripts, during the time period he claims he was prevented from accessing the library. *See id.* (concluding that equitable tolling is available only where extraordinary circumstances beyond petitioner's control make it impossible to file a timely petition).

Elder's additional contention that the AEDPA violates the Suspension Clause, U.S. Const. art. I, § 9, cl. 2, is foreclosed by our decision in *Green v. White,* 223 F.3d 1001, 1003 (9th Cir.2000) (concluding that the AEDPA's one-year limitation period does not per se render the writ of habeas corpus inadequate or ineffective).

Finally, Elder's claim of actual innocence is unpersuasive because he has failed to provide either new or sufficient evidence in support. *See Schlup v. Delo,* 513 U.S. 298, 316, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995) (stating that without any new evidence of innocence, even a meritorious constitutional claim is not sufficient to allow a habeas court to reach the merits of a barred claim).

**AFFIRMED.**