**Earl L. NEW, Petitioner,**

v.

**Mitch MORROW, Superintendent, Oregon State Correctional Institution, Respondent.**

**No. CIV.99–939–BR.**

United States District Court, D. Oregon.

Jan. 24, 2002.

Steven T. Wax, Federal Public Defender, Christine Stebbins Dahl, Assistant Federal Public Defender, Portland, for Petitioner.

Hardy Myers, Attorney General, Carolyn Alexander, Assistant Attorney General, Department of Justice, Salem, for Respondent.

## OPINION AND ORDER

BROWN, District Judge.

Petitioner brings this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Currently before the Court is Petitioner's Motion to Amend Petition for Writ of Habeas Corpus (# 50). For the reasons that follow, the Motion is **DENIED.**

### *BACKGROUND*

Petitioner was convicted in 1994 on state charges of Burglary in the First Degree, Menacing, Kidnapping in the First Degree, Kidnapping in the Second Degree, and Sodomy in the First Degree. On June 31, 1999, he filed a *pro se* Petition for Writ of Habeas Corpus with this Court in which he set forth two grounds for relief.[1] Petitioner alleged ineffective assistance of trial counsel and contended trial counsel:

1. Failed to investigate and to present evidence;

2. Failed to request an evaluation of Petitioner's mental state at the time of the crimes and/or his capacity to aid and to assist in the defense;

3. Failed to object to trial court rulings and to the trial court's failure to satisfy state law requirements in pronouncing sentence; and

---

1. In the interim, Petitioner pursued available state remedies. Those proceedings, however, are not relevant to the issue at hand.

4. Failed to properly advise Petitioner of the possible maximum sentence, which led Petitioner to reject a five-year plea offer.

The Petition also contained the following language:

Petitioner, untrained in law, unable to understand "legalese" and the complexities of the law, has and continues to require assistance from other inmates in all of his past and current filings with the courts and received assistance from other inmates in the preparation and filing of this petition. *Petitioner, after appointment of, and consultation with suitable counsel, reserves the right to add issues of law and/or fact to the Amended Petition.*

(Emphasis added.)

This Court appointed counsel to represent Petitioner, and on August 20, 2001, counsel filed a motion for leave to amend the Petition. In the proposed Amended Petition, Petitioner alleged the prosecutor violated Petitioner's right to due process under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Petitioner contends the prosecutor failed to disclose to Petitioner's trial attorney evidence that Petitioner had worked as a confidential informant for the City of Stayton Police Department (which was not the agency involved in investigating the crimes that underlie this proceeding) and that Petitioner had provided information to the Stayton Police Department about criminal activity of the victim of Petitioner's crimes. If the law enforcement officers with whom Petitioner worked had been called to testify at trial, Petitioner contends they would have offered relevant and admissible testimony about Petitioner, including his credibility and reputation for peacefulness in the community, and about the victim's mo-

tive in accusing Petitioner falsely of crimes he did not commit.

Respondent objects to Petitioner's Motion to Amend and contends amendment of the Petition would be futile because the proposed new claim is time-barred and procedurally defaulted. Petitioner counters the new claim relates back to the original filing date or, in the alternative, the amendment is timely under the savings clause of 28 U.S.C. § 2244(d)(1)(D) and the statute of limitations was equitably tolled by the State's breach of its duty to disclose. Petitioner does not address directly the procedural default issue. Petitioner instead argues the Court should not determine whether the claim is procedurally defaulted until the Petition has been amended and fully briefed. Finally, Petitioner contends the statute of limitations would impermissibly suspend a writ of habeas corpus if applied to bar the proposed new claim.

## DISCUSSION

### I. *Futility of Amendment*

#### A. Timeliness and Relation Back

Pursuant to 28 U.S.C. § 2244(d)(1), an applicant for a writ of habeas corpus under 28 U.S.C. § 2254 must file a petition within one year from the date the state court judgment became final.[2] Here the parties agree the limitations period of one year expired on August 17, 1999, after Petitioner's original *pro se* Petition was filed, but before the date Petitioner filed the Motion to Amend. Respondent, therefore, contends the proposed amended claim is time-barred under § 2244(d)(1). Petitioner counters the proposed amendment is not time-barred and contends it "relates back" to the original filing date.

---

2. The statute also provides for tolling of the limitations period under certain circum- stances not at issue in this matter.

Pursuant to 28 U.S.C. § 2242, habeas corpus applications "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." Pursuant to Fed.R.Civ.P. 15(a), a petitioner may amend without obtaining leave of the court before an opponent has filed a response. After an answer has been filed, however, a habeas corpus petition may be amended "only by leave of the court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed.R.Civ.P. 15(a).

■ Claims in an untimely amended petition are not time-barred if they "relate back" to an earlier, timely petition. *Anthony v. Cambra*, 236 F.3d 568, 576–78 (9th Cir.2000), *cert. denied*, 121 S.Ct. 2576 (2001). *See also* Fed.R.Civ.P. 15(c). Relation back is allowed when "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed. R.Civ.P. 15(c)(2). As the court noted in *Anthony*, the "touchstone" of the relation-back under Rule 15(c) is notice. The central policy behind the rule is to ensure "the non-moving party has sufficient notice of the facts and claims giving rise to the proposed amendment." *Id.* at 576.

The Ninth Circuit has not yet addressed the specific relation-back issue presented here; i.e., an effort by a habeas petitioner to amend his petition after the limitations period to add a new claim or theory. The majority of other courts considering the question, however, have held an amended habeas petition that introduces an entirely new claim after the expiration of the limitations period does not relate back to the original filing date. *See United States v. Craycraft*, 167 F.3d 451 (8th Cir.1999). *See also United States v. Duffus*, 174 F.3d 333 (3d Cir.), *cert. denied*, 528 U.S. 866, 120 S.Ct. 163, 145 L.Ed.2d 138 (1999); *Davenport v. United States*, 217 F.3d 1341

(11th Cir.2000), *cert. denied*, 532 U.S. 907, 121 S.Ct. 1232, 149 L.Ed.2d 141 (2001); *United States v. Pittman*, 209 F.3d 314 (4th Cir.2000); *Woodward v. Williams*, 263 F.3d 1135 (10th Cir.2001); *Fama v. Commissioner of Correctional Services*, 235 F.3d 804 (2d Cir.2000). *Cf. Woodward*, 263 F.3d at 1141 (amendment that "clarifies or amplifies" a claim or theory in the original petition relates back); *United States v. Thomas*, 221 F.3d 430 (3d Cir. 2000) (same).

The Ninth Circuit, however, permitted relation back of an amended petition to the original filing date in *Anthony*. In that case, the petitioner originally pleaded the challenged claims in his first petition and then dropped those claims because they were unexhausted. The original petition was stayed pending exhaustion proceedings in state court. 236 F.3d at 571. When those proceedings were completed, petitioner sought to amend his petition by reinstating the newly-exhausted claims. *Id.* The *Anthony* court carefully limited its holding to the facts at hand and specifically distinguished the case from others in which relation back was not allowed.

■ Here, in contrast, Petitioner's original Petition contained only allegations of ineffective assistance of counsel. Despite Petitioner's argument that the *Brady* claim should be allowed because he attempted to expressly reserve the right to amend his Petition after appointment of counsel, the *Brady* claim Petitioner seeks to add by amendment was not alleged or referenced in his original Petition. Respondent consequently had no notice that Petitioner meant to raise the *Brady* claim in federal court until Petitioner sought leave to file an amended petition. The *Brady* claim, therefore, does not relate back to the original Petition, and amendment of the Petition to include the claim would be futile. *See Bonin v. Calderon*, 59

F.3d 815, 845 (9th Cir.1995) ("[f]utility of amendment can, by itself, justify the denial of a motion for leave to amend"), *cert. denied,* 516 U.S. 1051, 116 S.Ct. 718, 133 L.Ed.2d 671 (1996).

### B. Procedural Default

As noted, in addition to arguing the untimeliness of the proposed amendment, Respondent contends the proposed *Brady* claim is procedurally defaulted. Because the Court finds the proposed amendment is untimely and, therefore, futile, it is unnecessary to determine whether the claim was properly exhausted in the state courts.

### III. Equitable Tolling & Savings Clause

Petitioner, nevertheless, argues the proposed amended petition is timely either because it falls within the savings clause of § 2244(d)(1)(D) or because the limitations period should be equitably tolled to permit its filing.

■ The savings clause upon which Petitioner relies provides the limitations period of one year shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Petitioner argues the facts relevant to his proposed amended claim were not known to him until the investigation into this case this year. Petitioner contends, therefore, the limitations period has not yet expired. This argument, however, defies explanation. The facts alleged in the proposed amended petition establish Petitioner was acting as a confidential informant at the time of his crimes and provided information to police officers concerning the victim. Petitioner obviously knew both that he was acting as a confidential informant and that he had provided information concerning the victim. These are not "new" facts; they clearly could have been discovered in the limitations period through the exercise of due diligence.

Petitioner's argument that the limitations period should be equitably tolled fares no better. The Ninth Circuit allows equitable tolling of the § 2244(d) limitations period when "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Miles v. Prunty,* 187 F.3d 1104, 1107 (9th Cir.1999). The "extraordinary circumstances" requirement is met "[w]hen external forces, rather than a Petitioner's lack of diligence, account for the failure to file a timely claim." *Id. See also Calderon v. U.S. District Court (Beeler),* 128 F.3d 1283, 1288–89 (9th Cir.1997), *overruled on other grounds by Calderon v. U.S. District Court (Kelly),* 163 F.3d 530 (9th Cir.1998) (*en banc*) (petitioner entitled to equitable tolling when petitioner's counsel withdrew and left replacement counsel with unusable work product that made timely filing impossible); *Tillema v. Long,* 253 F.3d 494, 503 (9th Cir.2001) (limitations period equitably tolled when district court committed prejudicial error by dismissing petitioner's first federal habeas petition without affording him the opportunity to abandon his sole, unexhausted claim).

■ Petitioner argues the State's alleged breach of its duty to disclose favorable evidence to his trial attorney is an external force that equitably tolls the limitations period. Even if the Court assumes without deciding that equitable tolling of § 2244(d) could be premised upon a *Brady* violation, Petitioner fails to establish the information sought was not already in his knowledge and control as explained above. Accordingly, equitable tolling of the limitations period is not appropriate in these circumstances.

### IV. Suspension of the Writ

■ Finally, the Court rejects Petitioner's argument that the limitations period is

an unconstitutional suspension of the writ as applied to his circumstances.[3] Whether the limitations period of one year violates the Suspension Clause depends upon whether it renders the remedy of habeas "inadequate or ineffective" to test the legality of detention. *Swain v. Pressley,* 430 U.S. 372, 381, 97 S.Ct. 1224, 51 L.Ed.2d 411 (1977). As noted, Petitioner did not pursue a claim based on facts uniquely in his possession that the prosecution failed to disclose to Petitioner's trial attorney that Petitioner was acting as a confidential informant. Because that information was in Petitioner's control at all relevant times, Petitioner's failure to pursue a timely claim based on this information does not render the remedy of federal habeas corpus "inadequate or ineffective."

## *CONCLUSION*

Based on the foregoing, the Court **DENIES** Petitioner's Motion to Amend Petition for Writ of Habeas Corpus (# 50).

IT IS FURTHER ORDERED that Petitioner shall have until March 25, 2002, to file any additional documents or briefs in support of the claims alleged in his original Petition for Writ of Habeas Corpus, and the Petition (# 2) shall be taken **UNDER ADVISEMENT** on April 9, 2002.

IT IS SO ORDERED.

---

**3.** The Suspension Clause provides "[t]he Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion of the public Safety may require it." U.S. Const. art. I, § 9, cl. 2. The Ninth Circuit has held § 2244(d) is not a *per se* suspension of the writ in light of the fact that it is not jurisdictional and is subject to equitable tolling. *Green v. White,* 223 F.3d 1001, 1003–04 (9th Cir.2000). The question remains, however, whether applying the limitations period to the specific circumstances of this case constitutes an impermissible suspension.