Eric Patrick MARTIN, Petitioner—Appellant,

v.

Robert AYERS, Warden, Respondent—Appellee.

No. 00–56805.

D.C. No. CV–99–05347–MMM (MAN).

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 11, 2002.

Decided July 25, 2002.

---

[**] The Honorable James C. Mahan, United States District Judge for the District of Nevada, sitting by designation.

Before KOZINSKI and FERNANDEZ, Circuit Judges, and MAHAN, District Judge.[*]

### MEMORANDUM [**]

Martin's petition for a writ of habeas corpus was properly dismissed as untimely. It was filed 754 days after the time limit prescribed by AEDPA had expired. *See* 28 U.S.C. § 2244(d)(1).

We reject Martin's argument that his deadline should be equitably tolled because of "constant" prison lockdowns. Equitable tolling applies if there are "extraordinary circumstances beyond a prisoner's control [that] make it impossible to file a petition on time." *Calderon v. U.S. District Court (Beeler)*, 128 F.3d 1283, 1288 (9th Cir. 1997) (internal quotation marks omitted). The petition must still be dismissed, however, if it would be late even after tolling were taken into account. *See Green v. White*, 223 F.3d 1001, 1002–03 (9th Cir. 2000). Martin offered memos showing that the prison was locked down for a total of 510 days. In addition, his state petitions were pending for 172 days. *See* 28 U.S.C. § 2244(d)(2); *Bunney v. Mitchell*, 262 F.3d 973 (9th Cir.2001). The maximum conceivable number of days of tolling to which he would be entitled (682) thus still falls short of 754.

We are not persuaded by Martin's claims that his collection of lockdown memos "no doubt remains an incomplete record" and that "[t]he lockdowns often lasted longer than indicated." Petitioner's Motion for Reconsideration II at 3–4 (emphasis omitted). Martin had first-hand knowledge of the lockdowns and the extent to which they interfered with his ability to file. He needed to allege the details of any undocumented lockdowns with enough specificity to show that he was entitled to relief. Conclusory assertions are not enough. *See Phillips v. Woodford*, 267 F.3d 966, 973 (9th Cir.2001).

Martin's claim for equitable tolling based on his depression and suicidal thoughts also fails. A petitioner who is mentally incompetent—i.e., unable even to assist in the preparation of his petition—is entitled to equitable tolling. *Calderon v. U.S. District Court (Kelly)*, 163 F.3d 530, 541 (9th Cir.1998) (en banc). But depression—even severe depression—is a normal incident of prison life. It is not an extraordinary circumstance that warrants equitable tolling.

AFFIRMED.

[*] The Honorable James C. Mahan, United States District Judge for the District of Nevada, sitting by designation.

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.