**Torus L. SMITH, Petitioner–Appellant,**

v.

**A.C. NEWLAND, Respondent–Appellee.**

No. 00–17510.
D.C. No. CV–99–04596–CRB.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 9, 2002 *.

Decided Sept. 18, 2002.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before HUG, O'SCANNLAIN and TASHIMA, Circuit Judges.

### MEMORANDUM **

Torus L. Smith appeals pro se the district court's dismissal of his 28 U.S.C. § 2254 petition as untimely. Smith seeks to challenge his California state conviction and life sentence for one count of kidnapping to commit robbery, one count of robbery with a dangerous weapon, and one count of fleeing the scene of an accident. We have jurisdiction pursuant to 28 U.S.C. § 2253. Based on our de novo review, *Miles v. Prunty*, 187 F.3d 1104, 1105 (9th Cir.1999), we affirm in part, and remand in part.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitations on the filing of § 2254 petitions. § 2244(d)(1). Absent any tolling, Smith's § 2254 petition, filed on October 5, 1999,[1] is untimely. *See Tillema v. Long*, 253 F.3d 494, 498 (9th Cir.2001).

■ Smith first contends that unconstitutional state action prevented him from filing on time. § 2244(d)(1)(B). Citing *Bounds v. Smith*, 430 U.S. 817, 821, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977), he argues that the state denied him access to the courts because they failed to provide him, an illiterate prisoner, with adequate assistance from someone trained in the law. We disagree. Smith is only entitled to a reasonably adequate opportunity to present his claims to the courts, *see Lewis v. Casey*, 518 U.S. 343, 351, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996), not to the assistance of someone trained in the law, *id.* at 356, 360.

Smith next contends that with the benefit of equitable tolling, his petition is timely. Equitable tolling of the statute of limitations is appropriate only if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time. *Miles*, 187 F.3d at 1107.

■ Smith first argues that the limitations period should be equitably tolled because at the time he filed his petition, jurists interpreted § 2244(d)(2) to mean that the filing of a state habeas petition resets the AEDPA's statute of limitations. We are not persuaded. An incorrect interpretation of the law is not an extraordinary circumstance warranting equitable

1. We apply the prison mailbox rule. *See Huizar v. Carey*, 273 F.3d 1220, 1223–24 (9th Cir.2001).

tolling. *See Green v. White,* 223 F.3d 1001, 1003 (9th Cir.2000).

■ Smith next argues that he is entitled to equitable tolling because the prison law library did not have materials on the AEDPA until mid–1998. We have concluded that an inadequate prison law library may justify equitable tolling, or it might be an "impediment" under § 2244(d)(1)(B). *Whalem/Hunt v. Early,* 233 F.3d 1146, 1148 (9th Cir.2000) (en banc) (per curiam). However, based on the limited record before us, we cannot determine whether tolling is appropriate in this case. *See Herbst v. Cook,* 260 F.3d 1039, 1044 (9th Cir.2001). We therefore vacate the district court's ruling on this claim, and remand for further development of the record and to allow the district court to determine in the first instance whether the alleged inadequate prison law library prevented Smith from filing his § 2254 petition on time. *See Whalem/Hunt,* 233 F.3d at 1148.

■ Smith's final contention is that if his petition is indeed untimely, it should still be considered because he is actually innocent. We cannot agree. Under the actual innocence gateway of *Schlup v. Delo,* 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995), a petitioner's procedurally barred claim may be considered on the merits if his claim of actual innocence is sufficient to implicate a fundamental miscarriage of justice. *Majoy v. Roe,* 296 F.3d 770, 775–76 (9th Cir.2002). Even if the actual innocence gateway could override the AEDPA's statute of limitations, *see id.* at 776, Smith has failed to present sufficient evidence to show that it is more likely than not that no reasonable juror would have convicted him, *see Sistrunk v. Armenakis,* 292 F.3d 669, 673, 677 (9th

Cir.2002) (en banc) (quotations and citations omitted).

AFFIRMED in part; VACATED and REMANDED in part.[2]

---

**2.** All outstanding motions are denied as moot.