**Eric Patrick MARTIN, Petitioner–Appellant,**

v.

**Robert AYERS, Warden, Respondent–Appellee.**

No. 00–16599.

D.C. No. CV–99–20445–RMW.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 2, 2002.*

Decided Dec. 9, 2002.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

---

Before GOODWIN, TROTT, and GRABER, Circuit Judges.

## MEMORANDUM**

Erik Patrick Martin appeals the district court's dismissal of his 28 U.S.C. § 2254 habeas petition challenging his 1984 California state convictions. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

Martin contends that the AEDPA's one-year statute of limitations, as applied to his case, violates the Suspension Clause of the United States Constitution. We review the district court's dismissal on statute of limitations grounds de novo. *Miles v. Prunty*, 187 F.3d 1104, 1105 (9th Cir.1999).

As Martin acknowledges, the AEDPA statute of limitations does not on its face violate the Suspension Clause. *See Green v. White*, 223 F.3d 1001, 1003–04 (9th Cir. 2000) (stating that the year-long period "begins to run in accordance with individual circumstances that could reasonably affect the availability of the remedy, but requires inmates to diligently pursue claims.") (citation omitted).

As applied here, the one-year statute of limitations still does not violate the Suspension Clause because Martin has demonstrated neither the requisite diligence nor "extraordinary circumstances" beyond his control which made it impossible for him to file his petition on time. *See Calderon v. United States Dist. Court (Beeler)*, 128 F.3d 1283, 1288–89 (9th Cir.1997), *overruled on other grounds by Calderon v. United States Dist. Court (Kelly)*, 163 F.3d 530 (9th Cir.1998) (en banc).[1]

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Martin's Motion for Issuance of Broader Certificate of Appealability is denied as untimely. *See* 9th Cir. R. 22–1(d). Martin's Motion to Supplement Record is denied as moot because the information is already in the record.

