**Olan Dwayne WILLIS, Petitioner— Appellant,**

**v.**

**Anthony C. NEWLAND, Respondent— Appellee.**

No. 99–17522.
D.C. No. CV–98–20263–JF.

United States Court of Appeals,
Ninth Circuit.

Submitted June 13, 2003.*

Decided June 16, 2003.

Before HILL,** T.G. NELSON, and HAWKINS, Circuit Judges.

* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** The Honorable James C. Hill, Senior United States Circuit Judge for the Eleventh Circuit, sitting by designation.

MEMORANDUM***

Olan Dwayne Willis appeals pro se the district court's dismissal of his 28 U.S.C. § 2254 petition as time barred. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we deny Willis's petition.

Because the facts are known to the parties, we do not recite them here. Willis is entitled to neither statutory nor equitable tolling. By the time Willis filed his petition in state court, the statute of limitations had already expired.[1] Furthermore, although the district court delayed its dismissal, it did not make it impossible for Willis to file a timely petition.[2] Willis had over two weeks after he received notice of the dismissal before the statute of limitations expired. However, Willis chose to wait nearly three months before he petitioned the California Supreme Court. By then, the statute of limitations had run. Accordingly, Willis is not entitled to tolling.

Willis's second petition does not "relate back" to his first petition either. Willis's initial petition was not a mixed petition: it raised only one unexhausted claim.[3] Therefore, we hold that the district court correctly dismissed Willis's petition.

PETITION DENIED.

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. *Duncan v. Walker,* 533 U.S. 167, 171–76, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001) (holding that habeas petition is not tolled during pendency of federal petition)

2. *Ford v. Hubbard,* 330 F.3d 1086, 1092–93 (9th Cir.2003) (acknowledging equitable tolling when situation made it impossible for petitioner to timely file).

3. *Green v. White,* 223 F.3d 1001, 1003 (9th Cir.2000) (holding that second habeas petition does not relate back to first habeas petition that the district court dismissed for failure to exhaust).