Jessie Michael HILL, Petitioner—
Appellant,

v.

Susan YEARWOOD, Warden,
Respondent—Appellee.

No. 02–55101.

D.C. No. CV–01–06132–VAP.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 10, 2004.

Jessie Michael Hill, Susanville, CA, pro se.

George H. Williamson, Deputy Attorney General, Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before GOODWIN, WALLACE and TROTT, Circuit Judges.

## MEMORANDUM **

California state prisoner Jessie Michael Hill appeals the district court's judgment dismissing as untimely his 28 U.S.C. § 2254 habeas petition. We have jurisdiction pursuant to 28 U.S.C. § 2253(a). Re-

viewing de novo, *Miles v. Prunty*, 187 F.3d 1104, 1105 (9th Cir.1999), we affirm.

Hill agrees with the district court finding that, absent tolling, he had until July 5, 1998 to timely file his section 2254 petition. *See Calderon v. United States Dist. Court (Beeler)*, 128 F.3d 1283, 1288–89 (9th Cir. 1997), *overruled in part on other grounds*, *Calderon v. United States Dist. Court (Kelly)*, 163 F.3d 530, 540 (9th Cir.1998) (en banc).

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) limitations period may be subject to equitable tolling if " 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." *Calderon (Beeler)*, 128 F.3d at 1288. Hill has failed to show that equitable tolling of the statute of limitations was warranted in his case. Facts in the record demonstrate that the non-profit organization, Institute for Justice Research (Institute), informed Hill that they were not acting as his legal representative but merely assisting him in the preparation of his pro se petition. Even if the Institute's actions could be construed as legal representation, Hill would still have no grounds for equitable tolling. We have held that an attorney's incompetence and "negligence in general do not constitute extraordinary circumstances sufficient to warrant equitable tolling." *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001).

Regarding attorney Chavkin's representation, Chavkin did not begin representing Hill until well after Hill's limitations period had expired. Therefore, that representation period can not be tolled. *See Green v. White*, 223 F.3d 1001, 1003 (9th Cir.2000).

Finally, we conclude that the district court properly gave Hill the opportunity to

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

provide the necessary evidence in support of his petition. *See Whalem/Hunt v. Early,* 233 F.3d 1146, 1148 (9th Cir.2000) (en banc) (per curiam). Accordingly, Hill's request for an evidentiary hearing is meritless.

Thus, the district court properly dismissed Hill's section 2254 petition as untimely.

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.