**Norman CADMUS, Appellant**

v.

**UNITED STATES of America, Individually and in their official capacities; George W. Bush, Individually and in their official capacities.**

No. 09–3117.

United States Court of Appeals, Third Circuit.

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or Summary Action

Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 Nov. 25, 2009.

Opinion filed: Dec. 15, 2009.

Norman Cadmus, Coal Township, PA, pro se.

Kate L. Mershimer, Esq., Office of United States Attorney, Harrisburg, PA, U.S. Atty. Williamsport, Office of United States Attorney, Williamsport, PA, for United States of America and George W. Bush.

Before: FUENTES, JORDAN and HARDIMAN, Circuit Judges.

OPINION

PER CURIAM.

Appellant Norman Cadmus appeals from an order of the District Court dismissing his complaint. For the reasons set forth below, we will summarily affirm. *See* I.O.P. 10.6.

I.

In July 2008, Cadmus, a pro se prisoner, filed a civil rights action pursuant to 42 U.S.C. § 1983 against Defendants George W. Bush and The United States of America.[1] In his complaint, Cadmus challenged the constitutionality of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104–132, 110 Stat. 1214. Specifically, he alleged that its prescribed one-year statute of limitations for filing a federal habeas challenge to a state court conviction improperly overlaps with Pennsylvania's one-year statute of limitations for filing a petition under its Post–Conviction Relief Act ("PCRA"), 42 Pa. Cons.Stat. Ann. § 9541 *et seq.* (2009). Cadmus claimed that this overlapping violates his rights under the First, Fifth, and Fourteenth Amendments.

The District Court dismissed Cadmus' complaint as to both defendants and Cadmus filed a timely appeal.

II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Our review of the District Court's *sua sponte* dismissal of Cadmus' complaint is plenary. *See Allah v. Seiverling,* 229 F.3d 220, 223 (3d Cir.2000). We may affirm the District Court on any basis supported by the record. *See Fairview Twp. v. EPA,* 773 F.2d 517, 525 n. 15 (3d Cir.1985).

Cadmus' complaint was properly dismissed. In March 2008, Cadmus filed a habeas petition pursuant to 28 U.S.C. § 2254 in the District Court which remains pending, *see Cadmus v. Warden, SCI Coal Twp.,* Civ. No. 08–cv–473. Cadmus does not allege that he has been precluded from seeking federal habeas relief and the District Court has yet to consider how the

---

1. The District Court construed Cadmus' claim against former President Bush as one properly raised under *Bivens v. Six Unknown Named*

*Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

limitations period under AEDPA applies to his case. Accordingly, he has suffered no actual injury under the statute for which he may seek redress at this time. *See Taliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d 181, 188 (3d Cir.2006).

Furthermore, Cadmus provides no authority supporting his claim that AEDPA is unconstitutional as a result of its alleged "overlapping" with the PCRA. In fact, as the District Court pointed out, the limitations period under AEDPA has survived numerous constitutional challenges. *See Green v. White*, 223 F.3d 1001, 1003–04 (9th Cir.2000); *Miller v. Marr*, 141 F.3d 976, 977–78 (10th Cir.1998); *Tinker v. Moore*, 255 F.3d 1331, 1334 (11th Cir. 2001). Should Cadmus wish to further challenge the constitutionality of AEDPA as it applies to his case, he should do so in the context of his pending habeas action.

As Cadmus' appeal presents no substantial question, we will summarily affirm. *See* Third Cir. LAR 27.4; I.O.P. 10.6.