FILED

APR 05 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANGEL JESUS ALVAREZ,<br><br>                    Petitioner - Appellant,<br><br>    v.<br><br>ROBERT K. WONG,<br><br>                    Respondent - Appellee. | No. 09-15547<br><br>D.C. No. 5:06-cv-05027-JF<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Jeremy D. Fogel, District Judge, Presiding

Argued and Submitted March 14, 2011
San Francisco, California

Before: WALLACE, NOONAN, and CLIFTON, Circuit Judges.

    Angel Jesus Alvarez appeals the district court's dismissal of his petition for

writ of habeas corpus as untimely. We affirm.

    Absent showings of "cause" and "prejudice," not established by Alvarez

here, federal habeas relief is unavailable when "a state court [has] declined to

_____

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement," and "the state judgment rests on independent and adequate state procedural grounds." *Coleman v. Thompson*, 501 U.S. 722, 729-730 (1991). The Supreme Court recently held that denial of habeas relief by the California Supreme Court on the ground that the application for relief was filed untimely was an independent and adequate state procedural ground requiring denial of a subsequent habeas petition in federal court, overturning this court's precedent to the contrary. *Walker v. Martin*, 131 S.Ct. 1120 (2011). The California Supreme Court denied Alvarez's petition with a citation to *In re Clark*, 855 P.2d 729 (Cal. 1993). The citation to *Clark* signals the court's conclusion that the petition was untimely. *Walker*, 131 S.Ct. at 1124.

Alvarez's petition did not qualify for equitable tolling, in any event. He did not demonstrate an "extraordinary circumstance" standing in his way to prevent timely filing, under *Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010), nor attorney action that rose to the level of "egregious" misconduct, as described in *Spitsyn v. Moore*, 345 F.3d 796, 801 (9th Cir. 2003). *See Miranda v. Castro*, 292 F.3d 1063, 1066-67 (9th Cir. 2002)*; Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001); and *Green v. White*, 223 F.3d 1001, 1003 (9th Cir. 2000).

**AFFIRMED**.

Alvarez v. Wong, No. 09-15547

WALLACE, Senior Circuit Judge, concurring:

I concur in the memorandum disposition except for the last paragraph which is unnecessary for our decision. *Walker v. Martin* decides the appeal. 131 S. Ct. 1120 (2011).

I write separately to express my disappointment that neither counsel cited *Walker* by a Federal Rule of Appellate Procedure Rule 28(j) letter and one attorney was unaware of its existence. We rely on counsel to provide pertinent authority so that we can make correct decisions. I had found *Walker* myself and am perplexed that Alvarez's counsel missed it. I am also perplexed that counsel for the State of California failed to provide *Walker* to us. At oral argument, counsel stated she was aware of *Walker* but chose not to file a 28(j) letter. Nevertheless, she was prepared to and did argue that *Walker* was controlling precedent. By failing to provide *Walker* in a 28(j) letter, the State's counsel deprived Alvarez's counsel of the chance to respond, and thereby deprived us of possibly helpful oral argument.