MEMORANDUM *
Angel Jesus Alvarez appeals the district court’s dismissal of his petition for writ of habeas corpus as untimely. We affirm.
Absent showings of “cause” and “prejudice,” not established by Alvarez here, federal habeas relief is unavailable when “a state court [has] declined to address a prisoner’s federal claims because the prisoner had failed to meet a state procedural requirement,” and “the state judgment rests on independent and adequate state procedural grounds.” Coleman v. Thompson, 501 U.S. 722, 729-730, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). The Supreme Court recently held that denial of habeas relief by the California Supreme Court on the ground that the application for relief was filed untimely was an independent and adequate state procedural ground requiring denial of a subsequent habeas petition in federal court, overturning this court’s precedent to the contrary. Walker v. Martin, — U.S.-, 131 S.Ct. 1120, 179 L.Ed.2d 62 (2011). The California Supreme Court denied Alvarez’s petition with a citation to In re Clark, 5 Cal.4th 750, 21 Cal.Rptr.2d 509, 855 P.2d 729 (1993). The *653 citation to Clark signals the court’s conclusion that the petition was untimely. Walker, 131 S.Ct. at 1124.
Alvarez’s petition did not qualify for equitable tolling, in any event. He did not demonstrate an “extraordinary circumstance” standing in his way to prevent timely filing, under Holland v. Florida, - U.S. -, 130 S.Ct. 2549, 2562, 177 L.Ed.2d 130 (2010), nor attorney action that rose to the level of “egregious” misconduct, as described in Spitsyn v. Moore, 345 F.3d 796, 801 (9th Cir.2003). See Miranda v. Castro, 292 F.3d 1063, 1066-67 (9th Cir.2002); Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir.2001); and Green v. White, 223 F.3d 1001, 1003 (9th Cir.2000).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.