Brian David FRYE, Petitioner–
Appellant,

v.

R. HICKMAN, Warden;  Attorney General of the State of California,
Respondents–Appellees.

No. 99–15935.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 12, 2001

Filed Aug. 6, 2001

Amended Dec. 3, 2001

Margaret Z. Johns, Lauren Johnson and Andrew Cain, University of California, Davis School of Law, Davis, California, for the petitioner-appellant.

Eric L. Christoffersen, Attorney General's Office for State of California, Sacramento, California, for the respondents-appellees.

Before: SCHROEDER, Chief Judge, LAY,* THOMPSON, Circuit Judges.

## ORDER AND AMENDED OPINION
SCHROEDER, Chief Judge:

### ORDER

The Opinion filed August 6, 2001, is amended as follows:

(1) Delete entire paragraph following headnote [3], Slip Opinion, page 10167;

(2) In its place, substitute the following paragraph:

We conclude that the miscalculation of the limitations period by Frye's counsel and his negligence in general do not constitute extraordinary circumstances sufficient to warrant equitable tolling. *See Harris v. Hutchinson*, 209 F.3d 325, 330–31 (4th Cir.2000)(AEDPA statute of limitations not equitably tolled by lawyer's mistake resulting in missed deadline, because such a mistake is not an extraordinary circumstance); *Taliani v. Chrans*, 189 F.3d 597, 598 (7th Cir.1999)(concluding that, to the extent any equitable tolling is available for AEDPA, no tolling occurred because of a lawyer's mistake resulting in a missed deadline).

The panel has voted to deny the Petition for Rehearing and to deny the Petition for Rehearing En Banc.

The full court has been advised of the Petition for Rehearing En Banc and no judge of the court has requested a vote on the Petition for Rehearing En Banc. Fed. R.App. P. 35(b).

With the above amendment the Petition for Rehearing and the Petition for Rehearing En Banc are DENIED.

### OPINION

California state prisoner, Brian David Frye, filed a 28 U.S.C. § 2254 petition after the expiration of the one-year statute of limitations contained in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d)(1). The key issue in this appeal is whether the statute of limitations was equitably tolled when his attorney negligently failed to file a petition within the year, even as adjusted to account for statutory tolling. The district court held that there was no equitable tolling. We appointed counsel because the issue is one of first impression in this circuit. We have been greatly assisted by appointed counsel's participation through our Pro Bono Representation Project.

Petitioner was tried on charges of first degree murder and attempted murder on May 2, 1989. On August of that year, the jury found him guilty of those offenses. On October 20, 1989, the California Court of Appeal affirmed petitioner's conviction and partially modified his sentence. The

---

* The Honorable Donald P. Lay, Senior Circuit Judge for the Eighth Circuit sitting by designation.

California Supreme Court denied his petition for review in September 1992. Petitioner then pursued state habeas relief, beginning with a filing in Sacramento County Superior Court on October 4, 1996. The Superior Court denied the petition on December 4, 1996. On February 3, 1997, petitioner filed an appeal. The California Court of Appeal denied the petition on February 21, and the California Supreme Court eventually denied the petition on May 28, 1997. Petitioner filed his federal habeas petition in April 1998, over five years after the California Supreme Court denied his direct appeal. His appointed counsel on appeal have shown that the AEDPA statute should be statutorily tolled for varying reasons, principally because of the pendency of state habeas proceedings. *See Nino v. Galaza,* 183 F.3d 1003, 1006 (9th Cir.1999). The statutory tolling brings the limitation period to approximately 78 days before the petition was actually filed, a conclusion the state commendably does not seriously dispute. The case therefore turns on equitable tolling.

For a petitioner to have the benefit of equitable tolling of the AEDPA statute, we have held that there must be "extraordinary circumstances" beyond the prisoner's control that made it impossible to file a petition on time. *Calderon v. United States District Court (Beeler),* 128 F.3d 1283, 1288 (9th Cir.1997). In our more recent en banc pronouncement on the subject, we rejected the argument that lack of access to library materials automatically qualified as grounds for equitable tolling, and we emphasized the importance of a more fact-specific inquiry. *Whalem/Hunt v. Early,* 233 F.3d 1146, 1148 (9th Cir. 2000)(en banc).

In *Beeler,* a capital habeas corpus case, we held that the statute was equitably tolled when the petitioner's attorney moved out of the state, a matter over which the petitioner had no control, and that made it impossible for another attorney to file a petition within the statutory limits. In capital cases, an indigent petitioner has a statutory right to counsel. *See* 21 U.S.C. § 848(q)(4)(B). Thus, the dereliction of his appointed counsel made it impossible for the petitioner to file the petition he was statutorily entitled to file. *Beeler,* 128 F.3d at 1288.

We conclude that the miscalculation of the limitations period by Frye's counsel and his negligence in general do not constitute extraordinary circumstances sufficient to warrant equitable tolling. *See Harris v. Hutchinson,* 209 F.3d 325, 330–31 (4th Cir.2000)(AEDPA statute of limitations not equitably tolled by lawyer's mistake resulting in missed deadline, because such a mistake is not an extraordinary circumstance); *Taliani v. Chrans,* 189 F.3d 597, 598 (7th Cir.1999)(concluding that, to the extent any equitable tolling is available for AEDPA, no tolling occurred because of a lawyer's mistake resulting in a missed deadline).

AFFIRMED.