Lindsel Ateur REDANTE,
Petitioner–Appellant,

v.

Ana M. RAMIREZ–PALMER;
Attorney General CA, Re-
spondents–Appellees.

No. 00–55794.

D.C. No. CV–99–02504–LGB.

United States Court of Appeals,
Ninth Circuit.

Dec. 17, 2001 *.

Dec. 27, 2001.

Before SCHROEDER, Chief Judge,
TROTT and PAEZ, Circuit Judges.

MEMORANDUM **

California state prisoner Lindsel Ateur Redante appeals pro se the district court's denial of his 28 U.S.C. § 2254 petition for habeas corpus. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

Redante contends that the one-year statute of limitations period should be equitably tolled because his counsel misinformed him regarding the timely filing of his state and federal petitions. We review de novo a district court's decision to dismiss a petition for writ of habeas corpus, including a dismissal on statute of limitations grounds. *See Miles v. Prunty,* 187 F.3d 1104, 1105 (9th Cir.1999). Appellate review of whether the limitations period for a habeas corpus petition was equitably tolled is de novo in cases where the facts are undisputed. *Id.*

To obtain equitable tolling, Redante must show that extraordinary circumstances beyond his control made it impossible for him to file his habeas petition on time. *See Calderon v. United States Dist. Court for Cent. Dist. of Cal. (Beeler),* 128 F.3d 1283, 1288 (9th Cir.1997), *overruled on other grounds by Calderon v. United States Dist. Court for Cent. Dist. of Cal. (Kelly),* 163 F.3d 530, 540 (9th Cir.1998) (en banc). We conclude that Redante is not entitled to equitable tolling because he has no right to counsel on a habeas petition, and the misinformation provided by his counsel did not make it impossible for Redante to exercise his constitutional right to file his federal habeas petition. *See Frye v. Hickman,* 273 F.3d 1144, 1146 (9th Cir.2001)(concluding that "the miscalculation of the limitations period by [defendant's] counsel and his negligence in general do not constitute extraordinary circumstances sufficient to warrant equitable tolling.").

Accordingly, we affirm the district court's dismissal of Redante's petition as untimely.

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.