Kenneth WELLS, Petitioner–Appellant,

v.

Tom CAREY, Warden; Attorney General of the State of California, Respondents–Appellees.

No. 00–17514.

D.C. No. CV–99–00878–GEB.

United States Court of Appeals, Ninth Circuit.

Submitted April 8, 2002.*

Decided April 15, 2002.

Before BROWNING, KLEINFELD, and GOULD, Circuit Judges.

### MEMORANDUM **

Kenneth Wells appeals pro se the dismissal of his 28 U.S.C. § 2254 petition as untimely. Wells seeks to challenge his California state conviction and 29 years to life sentence for first degree murder, with a sentence enhancement for using a firearm in the commission of the murder. We have jurisdiction pursuant to 28 U.S.C. § 2253. Reviewing de novo, *Miles v. Prunty*, 187 F.3d 1104, 1105 (9th Cir.1999), we affirm.

■ Wells contends that the district court erred by dismissing his § 2254 petition as untimely. We find this contention unavailing. Wells' § 2254 petition was properly dismissed as untimely because Wells filed his petition almost fourteen months after the statutory period expired, and he is not entitled to either statutory or equitable tolling. *See* § 2244(d)(2); *see also Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir.2001).

The one-year statute of limitations is tolled for the entire period a petitioner is appropriately pursuing and exhausting his

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, Wells' requests for oral argument and appointment of counsel are denied.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

state remedies. *See Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir.1999). The statute of limitations in this case was not tolled because Wells did not have a state court post-conviction petition pending at any time during the statutory period. *See id.*

■ To the extent that Wells contends that he is entitled to equitable tolling because his access to the library was restricted, we disagree. A petitioner may qualify for equitable tolling if he demonstrates that extraordinary circumstances beyond his control prevented him from filing a timely petition. *See Frye v. Hickman*, 273 F.3d at 1146. Wells has failed to show that the two-and-a-half month restriction was an extraordinary circumstance which prevented him from filing a timely petition. *See id.* (recognizing that the lack of access to library material does not automatically qualify as grounds for equitable tolling).

Accordingly, the district court properly dismissed Wells' § 2254 petition as untimely. 28 U.S.C. § 2244(d)(1).

AFFIRMED.