**Paul Virgil BAUDIZZON, Petitioner—Appellant,**

v.

**Mike MADDENING; Attorney General of the State of California, Respondents—Appellees.**

No. 00–55706.

D.C. No. CV–99–07134–ABC.

United States Court of Appeals, Ninth Circuit.

Submitted May 10, 2002*.

Decided May 22, 2002.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

Before LAY**, CANBY and PAEZ, Circuit Judges.

### MEMORANDUM***

Paul Virgil Baudizzon appeals the district court's dismissal of his petition for a writ of habeas corpus as untimely. He argues that the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110 Stat. 1214, should have been equitably tolled because the clerk at the California court of appeal misinformed his attorney of the date on which the California Supreme Court denied his petition for review of the court of appeal's decision. His attorney relied on the information provided by the clerk and miscalculated the expiration of the statute of limitations period. We review de novo a district court's dismissal of a petition for a writ of habeas corpus on statute-of-limitations grounds. *Patterson v. Stewart*, 251 F.3d 1243, 1245 (9th Cir.2001).

AEDPA's one-year statute of limitations is subject to equitable tolling if there are "extraordinary circumstances" beyond the petitioner's control. *Calderon v. United States Dist. Court (Kelly)*, 163 F.3d 530, 541 (9th Cir.1998) (en banc). Attorney negligence, such as the miscalculation of AEDPA's limitations period, does not constitute "extraordinary circumstances" warranting equitable tolling. *See Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir.

---

2001). Petitioner's attorney's reliance on the clerk at the California Court of Appeal for the date on which the California Supreme Court denied review constituted negligence that does not rise to the level of "extraordinary circumstances" warranting equitable tolling of AEDPA's statute of limitations.

AFFIRMED.

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.