**Harold M. HUMMEL, Petitioner–Appellant,**

**v.**

**Terry STEWART, et al., Respondents–Appellees.**

No. 01–16499.

D.C. No. CV–99–00184–WDB.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 9, 2002.*

Decided Sept. 18, 2002.

Before HUG, O'SCANNLAIN, and TASHIMA, Circuit Judges.

## MEMORANDUM **

Arizona state prisoner Harold M. Hummel appeals pro se the dismissal of his 28 U.S.C. § 2254 petition, challenging his jury-trial conviction and sentence for armed bank robbery. The district court dismissed the petition as untimely under 28 U.S.C. § 2254(d). We have jurisdiction pursuant to 28 U.S.C. § 2253. Reviewing de novo, *Miles v. Prunty*, 187 F.3d 1104, 1105 (9th Cir.1999), we affirm.

Hummel contends that the district court erred in dismissing his § 2254 petition as untimely because he is entitled to equitable tolling for the time he was in solitary confinement, and the time the prison library was shut down.

Because Hummel has neither provided any documentation to support his allegations, nor has he demonstrated that any alleged solitary confinement or prison library closures amounted to "extraordinary circumstances" beyond his control preventing him from filing a timely petition, *see Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir.2001), *cert denied*, ⸺ U.S. ⸺, 122 S.Ct. 1913, 152 L.Ed.2d 823 (2002) (recognizing that the lack of access to library material does not automatically qualify as grounds for equitable tolling), citing *Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir.2000) (en banc) (determinations of whether there are grounds for equitable tolling is highly fact dependent), the dis-

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, we deny Hummel's request for oral argument.

trict court properly dismissed Hummel's § 2254 petition as untimely since he filed his petition almost two years after the statutory period expired. *See* § 2244(d)(2).

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, we deny Idleman's request for oral argument and renewed request for appointment of counsel.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.