**Raymond P. IDLEMAN, Petitioner–Appellant,**

v.

**Anthony C. NEWLAND, Warden, Respondent–Appellee.**

No. 01–16627.

D.C. No. CV–00–00698–GEB.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 9, 2002.*

Decided Sept. 18, 2002.

Before HUG, O'SCANNLAIN, and TASHIMA, Circuit Judges.

MEMORANDUM **

California state prisoner Raymond P. Idleman appeals pro se the dismissal of his 28 U.S.C. § 2254 petition as time-barred,

challenging his conviction for attempted stalking. We have jurisdiction pursuant to 28 U.S.C. § 2253. Reviewing de novo, *Miles v. Prunty*, 187 F.3d 1104, 1105 (9th Cir.1999), we affirm.

Idleman challenges the district court's dismissal of his petition as time-barred, based on a claim that he is actually innocent. We find Idleman's appeal meritless.

Idleman's opening brief does not challenge the district court's finding that his § 2254 petition was filed after the statute of limitations expired. *See* 28 U.S.C. § 2254(d)(2). The claims in Idleman's reply brief do not demonstrate entitlement to equitable tolling. *Cf. Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir.2001) (describing requirements for equitable tolling), *cert. denied*, —— U.S. ——, 122 S.Ct. 1913, 152 L.Ed.2d 823 (2002).

Idleman's asserted new evidence simply supports a defense which he was aware of, but chose not to raise when he pleaded nolo contendere. It is not new reliable evidence which makes it "more likely than not that no reasonable juror would have convicted him in light of the new evidence." *See Schlup v. Delo*, 513 U.S. 298, 324, 327–28, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995); *cf. Majoy v. Roe*, 296 F.3d 770, 776–77 & n. 3 (9th Cir.2002) (remanding for consideration of possible actual innocence gateway for an untimely petition).

Accordingly, the district court properly dismissed Idleman's § 2254 petition as time-barred.

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, we deny Idleman's request for oral argument and renewed request for appointment of counsel.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.