**Alvis Lee STAMBAUGH, Jr., Petitioner–Appellant,**

v.

**W.A. DUNCAN, Warden, et al., Respondents–Appellees.**

No. 01–56243.
D.C. No. CV–00–04666–NM.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 7, 2002.*

Decided Oct. 10, 2002.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before FERNANDEZ, GRABER, and GOULD, Circuit Judges.

## MEMORANDUM **

Alvis Lee Stambaugh, Jr., appeals pro se the dismissal of his 28 U.S.C. § 2254 petition as time-barred, challenging his California conviction for selling, transporting, or offering to sell cocaine. We have jurisdiction pursuant to 28 U.S.C. § 2253. Reviewing de novo, *see Miles v. Prunty,*

187 F.3d 1104, 1105 (9th Cir.1999), we affirm.

Stambaugh contends that he is entitled to equitable tolling of the Antiterrorism and Effective Death Penalty Act's one-year statute of limitations period on the ground that his trial and appellate counsel were ineffective for failing to challenge his prior conviction for residential burglary on the basis of "legal innocence."[1] We disagree.

Stambaugh does not challenge the district court's finding that his section 2254 petition was filed after the statute of limitations expired. *See* 28 U.S.C. § 2244(d)(1)(A). Where, as here, a petitioner seeks equitable tolling of the statute of limitations, petitioner must demonstrate extraordinary circumstances beyond his control that made it impossible to file a petition on time. *Miles,* 187 F.3d at 1107.

Stambaugh asserts that his case involves extraordinary circumstances because his various counsel failed to provide effective assistance by not investigating defenses to his prior residential burglary conviction, thus failing to discover that he had a complete defense in that the residence he burglarized belonged to his parents and he had their permission to reside there.

Stambaugh did not notify any of his counsel of those facts until almost 10 years after the conviction. Stambaugh has not alleged facts sufficient to establish that "external forces, rather than [his] lack of diligence, account for [his] failure to file a timely claim." *Miles,* 187 F.3d at 1107; *see also Frye v. Hickman,* 273 F.3d 1144, 1146 (9th Cir.2001), *cert. denied,* —— U.S. ——, 122 S.Ct. 1913, 152 L.Ed.2d 823

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. In the district court, Stambaugh alleged five additional grounds for equitable tolling. Be-

cause he did not "specifically and distinctly" argue these grounds in his opening brief, Stambaugh has waived them on appeal, and we will not consider them. *See Kim v. Kang,* 154 F.3d 996, 1000 (9th Cir.1998).

(2002) (ruling that attorney negligence resulting in untimely filing of a section 2254 petition does not constitute extraordinary circumstances that warrant equitable tolling).

AFFIRMED.