**Fadil MESIC, Petitioner—Appellant,**

v.

**Charles FLANAGAN, Warden; Attorney General of the State of Arizona, Respondents—Appellees.**

No. 01–16721.

D.C. No. CV–00–00706–MHM.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 7, 2002.*

Decided Oct. 15, 2002.

Before FERNANDEZ, GRABER, and GOULD, Circuit Judges.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Arizona state prisoner Fadil Mesic appeals pro se the denial of his 28 U.S.C. § 2254 petition, filed in 2000, challenging his conviction after a jury trial for first degree burglary, aggravated assault, and kidnapping. The district court dismissed the petition as untimely under 28 U.S.C. § 2244(d)(1). We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo, *Miles v. Prunty*, 187 F.3d 1104, 1105 (9th Cir.1999), and we affirm.

Mesic contends that he is entitled to equitable tolling due to his limited understanding of English, lack of legal education, inability to afford a lawyer, limited access to the law library, and the death in 1998 of his attorney, who had promised in 1996 to file a petition on his behalf.

Mesic fails to allege facts to demonstrate that extraordinary circumstances beyond his control made it impossible for him to file his petition on time. *See Miles* at 1107; *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir.2001), *cert denied*, —— U.S. ——, 122 S.Ct. 1913, 152 L.Ed.2d 823 (2002) (holding that a petitioner is not entitled to equitable tolling due to negligence of lawyer).

Because Mesic's Section 2254 petition was filed more than three years after the statutory period expired, the district court properly dismissed his petition as untimely.

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).