George DEURIOSTE, Petitioner–Appellant,

v.

Claude FINN, Warden, Respondent–Appellee,

and

Attorney General of the State of California, Respondent.

No. 02–15965.

D.C. No. CV–00–02740–FCD.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 2, 2002.*

Decided Dec. 10, 2002.

Before GOODWIN, TROTT, and GRABER, Circuit Judges.

MEMORANDUM **

George DeUrioste, a California state prisoner, appeals pro se the dismissal of his 28 U.S.C. § 2254 petition as untimely. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo, *see Miles v. Prunty,* 187 F.3d 1104, 1105, (9th Cir. 1999), and we affirm.

DeUrioste contends that his statute of limitations for filing a federal habeas petition began to run later than April 24, 1996. We reject his contention, and conclude that nothing in the record supports that there was a state impediment that precluded him from filing a timely petition. *See* § 2244(d)(1)(B). Further, we reject Petitioner's contention that, pursuant to § 2244(d)(1)(D), he is entitled to statutory tolling for due diligence in pursuing his research and petitions. *See Hasan v. Galaza,* 254 F.3d 1150, 1154 n. 3 (9th Cir. 2001) (stating that the statute of limitations begins to run when petitioner knows the important facts, not when their legal significance is recognized).

DeUrioste also contends that he is entitled to equitable tolling for his diligence in the investigation and preparation of his petitions. However, Petitioner has failed to demonstrate extraordinary circumstances beyond his control which prevent-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

ed him from filing a timely petition, *see Frye v. Hickman,* 273 F.3d 1144, 1146 (9th Cir.2001), *cert. denied,* —— U.S. ——, 122 S.Ct. 1913, 152 L.Ed.2d 823 (2002), and equitable tolling is not warranted.

Assuming that actual innocence would permit this court to review an untimely petition, DeUrioste has not demonstrated that it was more likely than not that no reasonable juror would have found him guilty. *Cf. Gandarela v. Johnson,* 286 F.3d 1080, 1086 (9th Cir.2002). Accordingly, the district court's dismissal is AFFIRMED.[1]

---

1. We decline to address the issues which fall outside the scope of the certificate of appealability. *See Hiivala v. Wood,* 195 F.3d 1098, 1103 (9th Cir.1999) (per curiam). All outstanding motions are denied.