Luis ESCOBAR, Petitioner—Appellant,

v.

Anthony NEWLAND, Warden, et al., Respondents—Appellees.

No. 00–56686.

D.C. No. CV–99–09415–FMC.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 13, 2003.*

Decided Jan. 17, 2003.

Before BEEZER, KLEINFELD and PAEZ, Circuit Judges.

MEMORANDUM **

Luis Escobar, a California state prisoner, appeals the district court's dismissal of his 28 U.S.C. § 2254 habeas petition as untimely. We have jurisdiction pursuant to 28 U.S.C. § 2253, and affirm.

Escobar contends that he is entitled to equitable tolling because his retained counsel did not notify him that his state petition had been denied, did not file a timely habeas petition, or in the alternative, failed to forward case materials or a pro se habeas petition. Escobar's contention lacks merit because his counsel's failures do not qualify as extraordinary circumstances warranting equitable tolling. *See Frye v. Hickman,* 273 F.3d 1144, 1146 (9th Cir.2001) (denying equitable tolling based

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

on counsel's negligence), *cert. denied,* 535 U.S. 1055, 122 S.Ct. 1913, 152 L.Ed.2d 823 (2002); *Miranda v. Castro,* 292 F.3d 1063, 1067–68 (9th Cir.) (rejecting equitable tolling claim despite counsel's miscalculation of the AEDPA deadline), *cert. denied,* —— U.S. ——, 123 S.Ct. 496, 154 L.Ed.2d 399 (2002).

Escobar also contends that he is entitled to equitable tolling because he was denied access to legal materials in the law library while in administrative segregation. This contention fails because Escobar was placed in administrative segregation after his AEDPA deadline had passed. *Cf. Miles v. Prunty,* 187 F.3d 1104, 1107 (9th Cir.1999) (requiring a petitioner to show extraordinary circumstances making it impossible to file a habeas petition).

AFFIRMED.