**Keith Dashill RICHMOND,**
**Petitioner–Appellant,**

v.

**Larry SMALL, Warden, Respondent–**
**Appellee.**

No. 01–56184.

D.C. No. CV–00–12294–ABC.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 10, 2003.*

Decided Feb. 19, 2003.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before LEAVY, FERNANDEZ and BERZON, Circuit Judges.

MEMORANDUM**

California state prisoner Keith Richmond appeals the dismissal of his 28 U.S.C. § 2254 petition as untimely. Richmond seeks to challenge his jury-trial conviction for attempted murder and intentionally inflicting serious bodily injury. We have jurisdiction pursuant to 28 U.S.C. § 2253. Reviewing de novo, *Miles v. Prunty,* 187 F.3d 1104, 1105 (9th Cir.1999), we affirm.

Richmond contends that his § 2254 petition was timely because he is entitled to statutory tolling for the time his state court petitions were pending, and equitable tolling for the time his access to the prison library was restricted. We are unpersuaded.

Even assuming Richmond was entitled to statutory tolling for the entire time he was pursuing his state court petitions, his federal petition was untimely by at least two weeks. Richmond is not entitled to equitable tolling because he has not demonstrated that any alleged restricted access to the prison library amounted to "extraordinary circumstances" beyond his control preventing him from filing a timely petition. *See Frye v. Hickman,* 273 F.3d 1144, 1146 (9th Cir.2001) (as amended) (recognizing that the lack of access to library material does not automatically qualify as grounds for equitable tolling),

---

*cert denied,* 535 U.S. 1055, 122 S.Ct. 1913, 152 L.Ed.2d 823 (2002); *see also Whalem/Hunt v. Early,* 233 F.3d 1146, 1148 (9th Cir.2000) (en banc) (per curiam). Thus, the district court properly dismissed Richmond's § 2254 petition as untimely. *See* § 2244(d).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.