**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Daniel MORALES, Defendant–
Appellant.**

No. 01–17511.

D.C. Nos. CV–99–00324–RCB,
CR–90–00233–RCB.

United States Court of Appeals,
Ninth Circuit.

Submitted July 21, 2003.*

Decided July 29, 2003.

Before LEAVY, HAWKINS and RAWLINSON, Circuit Judges.

MEMORANDUM**

Federal prisoner Daniel Morales appeals the district court's order denying his 28 U.S.C. § 2255 motion as untimely. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

Morales contends that his § 2255 motion is timely because he did not realize until December 1998 that the government's alleged bribery of principal witnesses who testified against him at trial was, in fact,

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

illegal.[1] This contention is without merit. *See Hasan v. Galaza,* 254 F.3d 1150, 1154 n. 3 (9th Cir.2001) (noting that a defendant's failure to appreciate the legal significance of a hitherto known factual predicate does not delay the running of the § 2255 limitations period). Moreover, Morales demonstrates no grounds for equitable tolling. *See Frye v. Hickman,* 273 F.3d 1144, 1146 (9th Cir.2001) (as amended) (stating that equitable tolling is available only if " 'extraordinary circumstances' beyond the prisoner's control ... made it impossible to file a petition on time").

Finally, his claim based on *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) is foreclosed by *United States v. Sanchez–Cervantes* 282 F.3d 664, 671 (9th Cir.2002) (holding that *Apprendi* does not apply retroactively on collateral review).

AFFIRMED.[2]

---

1. Appellant Daniel Morales' August 7, 2002, pro se motion to amend counsel's opening brief, filed on August 7, 2002, is granted, and the brief as amended is hereby deemed submitted.

2. Counsel's May 17, 2002, motion to withdraw as counsel pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) is construed as a standard motion

to withdraw. *See Ellis v. Armenakis,* 222 F.3d 627, 632–33 (9th Cir.2000) (stating that the *Anders* procedure does not apply to post-conviction appeals). So construed, the motion is granted.

