David **RATLIFF**, Petitioner—Appellant,

v.

Vern **SMITH**, Respondent—Appellee.

No. 02–55686.

D.C. No. CV–01–00646–LGB.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 11, 2003.*

Decided Aug. 15, 2003.

Before SCHROEDER, Chief Judge, HAWKINS and TASHIMA, Circuit Judges.

MEMORANDUM **

California state prisoner David Ratliff appeals the district court's dismissal of his 28 U.S.C. § 2254 habeas petition as untimely. We have jurisdiction pursuant to 28 U.S.C. § 2253, we review de novo, *Miles v. Prunty*, 187 F.3d 1104, 1105 (9th Cir.1999), and we affirm.

Ratliff contends that he is entitled to equitable tolling because his attorney delayed returning his trial transcripts for almost four years, delaying his state habeas petition. The contention fails because Ratliff has failed to show that the transcripts were relevant to the claims in his petition. *See Miranda v. Castro*, 292 F.3d 1063, 1066–68 (9th Cir.) (rejecting equitable tolling claim despite counsel's miscalcu-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, Petitioner's request for oral argument is denied.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

lation of the AEDPA deadline), *cert. denied,* 537 U.S. 1003, 123 S.Ct. 496, 154 L.Ed.2d 399 (2002). Moreover, Ratliff is not entiteld to equitable tolling based on counsel's alleged negligent delay. *See Frye v. Hickman,* 273 F.3d 1144, 1146 (9th Cir.2001) (denying equitable tolling based on counsel's negligence), *cert. denied,* 535 U.S. 1055, 122 S.Ct. 1913, 152 L.Ed.2d 823 (2002).

**AFFIRMED.**