William L. BRYANT, Petitioner—Appellant,

v.

State of IDAHO, Respondent—Appellee.

No. 02–35567.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 8, 2003.*

Decided Oct. 17, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

**258**

Greg S. Silvey, Esq., William L. Bryant, Boise, ID, for Petitioner–Appellant.

LaMont L. Anderson, T. Paul Krueger, II, Deputy Attorney General, Boise, ID, for Respondent–Appellee.

Before: TROTT, FISHER, and GOULD, Circuit Judges.

MEMORANDUM **

Petitioner William L. Bryant appeals the denial of his federal habeas corpus petition. Bryant concedes his petition was thirty-two days late, but argues that equitable tolling should be applied to overcome his untimeliness.

** This disposition is not appropriate for publication and may not be cited to or by the

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a one-year statute of limitations for 28 U.S.C. § 2254 petitions. 28 U.S.C. § 2244(d)(1). Courts may equitably toll the limitations period if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time. *Malcom v. Payne,* 281 F.3d 951, 962 (9th Cir.2002). The court reviews de novo the district court's dismissal of federal habeas petitions on statute of limitations grounds, including the issue of equitable tolling. *Id.* at 955–56.

Bryant claims the following constitute extraordinary circumstances that justify equitable tolling: prison transfers, the inadequacy of the prison libraries, his counsel's late notification of the finality of his appeal, and his counsel's failure to inform him of the AEDPA limitation.

With regard to the first two claims, this court has recognized that prison transfers and inadequate libraries may constitute extraordinary circumstances, but the inquiry is "highly fact dependant." *Lott v. Mueller* 304 F.3d 918 (9th Cir.2002) (quoting *Whalem/Hunt v. Early,* 233 F.3d 1146 (9th Cir.2000) (en banc)). Here, the district court properly ruled that Bryant failed to demonstrate specific facts proving that the transfers or library holdings in any way affected his ability to file on time.

Similarly, the district court properly ruled that the last two grounds are only ordinary negligence of counsel, which does not constitute extraordinary circumstances. *See Frye v. Hickman,* 273 F.3d 1144, 1146 (9th Cir.2001); *Ford v. Hubbard,* 330 F.3d 1086, 1106 (9th Cir.2002); *cf. Spitsyn v. Moore,* 345 F.3d 796 (9th Cir.2003) (holding that a complete failure to file a client's habeas petition and the

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

retention of his files beyond the limitations period despite client's requests could be "sufficiently egregious" to warrant equitable tolling).

Because Bryant's untimeliness was not the product of extraordinary circumstances beyond his control, we affirm the district court's denial of Bryant's habeas petition on timeliness grounds.

AFFIRMED