Francisco EULLOQUI, Petitioner–
Appellant,

v.

C. PLILER, Warden, Respondent–
Appellee.

No. 02–57122.

D.C. No. CV–02–00999–CAS.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 8, 2003.*

Decided Dec. 15, 2003.

See publication Words and Phras-
es for other judicial constructions
and definitions.

Wayne R. Young, Esq., Santa Monica,
CA, for Petitioner–Appellant.

Francisco Eulloqui, pro se, Represa, CA,
Petitioner–Appellant.

Ana R. Duarte, Esq., Allison Hewon
Chung, DAG, AGCA–Office of the Califor-
nia Attorney General, Los Angeles, CA,
for Respondent–Appellee.

Before GOODWIN, WALLACE and
TROTT, Circuit Judges.

MEMORANDUM **

California state prisoner Francisco Eul-
loqui appeals the judgment denying his 28
U.S.C. § 2254 habeas petition, which chal-
lenged his conviction and 35 years to life
sentence for murder. We have jurisdic-
tion pursuant to 28 U.S.C. § 2253, and we
affirm.

Eulloqui challenges the dismissal of his
§ 2254 petition as time-barred contending
that he is entitled to equitable tolling be-
cause (1) his access to the prison library
was restricted due to prison lockdowns;
and (2) he needed additional time to review
the hundreds of pages in his file because
his prior counsel did not provide him with
his file in a timely manner. In the alterna-
tive, he requests remand for an evidentia-
ry hearing. We are unpersuaded.

Eulloqui is not entitled to equitable toll-
ing because he has not demonstrated that

---

the alleged prison lockdowns and restricted access to the prison library amounted to "extraordinary circumstances" beyond his control preventing him from filing a timely petition. *See Frye v. Hickman,* 273 F.3d 1144, 1146 (9th Cir.) (as amended) (recognizing that the lack of access to library material does not automatically qualify as grounds for equitable tolling), *cert. denied,* 535 U.S. 1055, 122 S.Ct. 1913, 152 L.Ed.2d 823 (2002); *see also Miranda v. Castro,* 292 F.3d 1063, 1068 (9th Cir.), (recognizing that attorney negligence in general does not constitute extraordinary circumstances sufficient to warrant equitable tolling), *cert. denied,* 537 U.S. 1003, 123 S.Ct. 496, 154 L.Ed.2d 399 (2002). Thus, we deny Eulloqui's request for an evidentiary hearing, and affirm the district court's dismissal of his § 2254 petition as time-barred. *See* 28 U.S.C. § 2244(d).

AFFIRMED.

---

\* The court sua sponte changes the docket to reflect that John Ashcroft, Attorney General, is the proper respondent. The Clerk shall amend the docket to reflect the above caption.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.