Mark John **KESNER**, Petitioner—
Appellant,

v.

David **MELIGAN**, Warden,
Respondent—Appellee.

No. 02–17427.
D.C. No. CV–02–00479–ECR.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 1, 2003.

Jan. 13, 2004.

Glynn Burroughs Cartledge, Reno, NV, Mark John Kesner, pro se, Carson City, NV, for Petitioner–Appellant.

Robert E. Wieland, Deputy Atty. Gen., David K. Neidert, Deputy Atty. Gen., Richard A. Molezzo, AGNV–Office of the Nevada Attorney General, Carson City, NV, for Respondent–Appellee.

Before SCHROEDER, Chief Judge, D.W. NELSON, and RYMER, Circuit Judges.

## MEMORANDUM *

Mark Kesner appeals the district court's dismissal of his federal habeas corpus petition pursuant to the statute of limitations in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U.S.C. § 2244(d)(1). Because Kesner's conviction became final prior to the enactment of AEDPA, he had until April 24, 1997, one year from AEDPA's effective date, to file a petition. *See Patterson v. Stewart,* 251 F.3d 1243, 1246 (9th Cir.2001). As Kesner filed an application for state post-conviction relief on December 6, 2000, and filed his federal petition on September 16, 2002, he concedes that his petition is untimely unless statutory or equitable tolling applies. The district court held that Kesner was not entitled to either. We affirm.

### I

Kesner argues that he is entitled to equitable and statutory tolling pursuant to 28 U.S.C. § 2244(d)(1)(B) because of extraordinary circumstances that impeded and prevented him from filing a timely habeas petition. However, the lawyer's errors upon which he relies were ordinary attorney negligence, not egregious extraordinary circumstances that warrant equitable tolling. *Cf. Spitsyn v. Moore,* —— F.3d ——, No. 02–35543, slip op. 15665, 16671–74, 2003 WL 22472036, *4–5 (9th Cir. Nov. 3, 2003). *See also Miranda v. Castro,* 292 F.3d 1063, 1066–68 (9th Cir. 2002); *Frye v. Hickman,* 273 F.3d 1144, 1146 (9th Cir.2001). Nor do the facts in this case show that lack of a law library impeded pursuit of Kesner's claim. *Cf. Whalem/Hunt v. Early,* 233 F.3d 1146, 1148 (9th Cir.2000) (en banc) (per curiam) (holding that determining whether there

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

was an impediment is "highly fact-dependent").

## II

Kesner is not entitled to tolling pursuant to § 2244(d)(1)(D) because he knew the factual predicate of his claim from the day was sentenced. *See Hasan v. Galaza,* 254 F.3d 1150, 1154–55 n. 3 (9th Cir.2001).

## III

We lack jurisdiction to consider Kesner's contention that the statute of limitations was tolled pursuant to § 2244(d)(2) for the period of time during which he was seeking post-conviction relief in the Nevada courts because that issue is not certified for review in the Certificate of Appealability. *See Beaty v. Stewart,* 303 F.3d 975, 984 (9th Cir.2002).

AFFIRMED.