Gerold Lewis **HEMPSTEAD,**
Petitioner–Appellant,

v.

Bill **DUNCAN,** Warden, Respondent–
Appellee.

No. 03–55557.

United States Court of Appeals,
Ninth Circuit.

Submitted March 15, 2004.*

Decided March 23, 2004.

Jerald L. Brainin, Los Angeles, CA, for Petitioner–Appellant.

Gerold Lewis Hempstead, CMCE–California Men's Colony East, San Luis Obispo, CA, pro se.

Michael J. Wise, Michael R. Johnsen, Esq., AGCA–Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before: B. FLETCHER, WARDLAW and CLIFTON, Circuit Judges.

### MEMORANDUM **

California state prisoner Gerold Lewis Hempstead appeals the district court's order denying as untimely his 28 U.S.C. § 2254 petition for writ of habeas corpus, challenging his jury-trial conviction and 28 year-to-life sentence for first degree murder and conspiracy to commit robbery with weapon enhancements. We have jurisdiction pursuant to 28 U.S.C. § 2253. We vacate and remand.

The district court granted a certificate of appealability on whether the court should have equitably tolled the statute of limitations period based on Hempstead's claim that his diminished mental capacity prevented him from timely filing his federal habeas petition.

At the time the district court denied Hempstead's federal petition, the court did not have the benefit of our decision in *Laws v. Lamarque,* 351 F.3d 919, 923–24 (9th Cir.2003) (reversing and remanding for further development of the record where petitioner alleged that his delay in filing a timely federal habeas petition was caused by his diminished mental capacity). Accordingly, in light of this court's decision in *Laws v. Lamarque,* we vacate the district court's determination that Hempstead is not entitled to equitable tolling, and remand so the district court may make a determination after further development of the record. *See Whalem/Hunt v. Early,* 233 F.3d 1146, 1148 (9th Cir.2000) (per curiam) (recognizing that determinations of whether there are grounds for equitable tolling are highly fact dependent); *Frye v. Hickman,* 273 F.3d 1144, 1146 (9th Cir.), *cert denied,* 535 U.S. 1055, 122 S.Ct. 1913, 152 L.Ed.2d 823 (2002) (recognizing that a petitioner may qualify for equitable tolling if he demonstrates that "extraordinary circumstances" beyond his control prevented him from filing a timely petition).

VACATED and REMANDED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.