**Dennis McBRIDE, Petitioner—Appellant,**

v.

**Jeanne S. WOODFORD, Warden, Respondent—Appellee.**

No. 03–55514.

D.C. No. CV–02–02930–VAP.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 12, 2004.

Decided May 20, 2004.

Steven S. Lubliner, Law Offices of Steven S. Lubliner, Petaluma, CA, Dennis McBride, San Quentin, CA, for Petitioner–Appellant.

Thomas C. Hsieh, Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before BROWNING, RYMER, and GRABER, Circuit Judges.

## MEMORANDUM *

Petitioner Dennis McBride appeals the district court's denial of his federal habeas petition as time-barred under the one-year statute of limitations set forth in the Anti–Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1). A motions panel of this Court granted McBride a Certificate of Appealability on the "issue whether appellant is entitled to equitable tolling of the statute of limitations." We review de novo denials of habeas petitions on statute of limitations grounds. *Miles v. Prunty,* 187 F.3d 1104, 1105 (9th Cir.1999). We have jurisdiction under 28 U.S.C. § 2253 and affirm.

McBride's contention that he is entitled to equitable tolling because his habeas attorney miscalculated the AEDPA statute of limitations is foreclosed by *Frye v. Hickman,* 273 F.3d 1144, 1146 (9th Cir. 2001) and *Miranda v. Castro,* 292 F.3d 1063, 1066–67 (9th Cir.2002). The record does not support McBride's claim that his failure to file the petition prior to the actual deadline was due to lack of access to the prison law library. McBride's argument that he was "abandoned" by his habeas attorney is also unpersuasive. His attorney had prepared a draft of the federal petition more than a month before the actual deadline and the ensuing delays were the result of McBride's disagreement with his attorney over the exclusion of several claims from the petition. Counsel's actions were not "so egregious and atypical that the court may deem equitable tolling appropriate." *Ford v. Hubbard,* 330 F.3d 1086, 1106 (9th Cir.2003), *cert. granted,* —— U.S. ——, 124 S.Ct. 981, 157 L.Ed.2d 811 (2004)

McBride also argues that his untimely habeas petition should pass through the "actual innocence gateway," because he is innocent of one of the convictions underlying his sentence enhancement. *See Schlup v. Delo,* 513 U.S. 298, 315, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995); *Sawyer v. Whitley,* 505 U.S. 333, 348, 112 S.Ct. 2514, 120 L.Ed.2d 269 (1992). This Circuit has not resolved whether the actual innocence doctrine applies to non-capital appellants who challenge convictions that form the basis for sentence enhancements. We need not do so here, since McBride has not presented sufficient evidence of actual innocence to proceed through the gateway. The rap sheet detailing McBride's prior convictions strongly suggests that he was convicted in

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1974 for the sale of controlled substances and sentenced to 60 months probation. AFFIRMED.