Melvin L. LAIRD, Petitioner–Appellant,

v.

Jean HILL, Superintendent, SRCI, Respondent–Appellee.

No. 04–36133.

D.C. No. CV–03–01122–MRH.

United States Court of Appeals, Ninth Circuit.

Submitted March 6, 2006.*

Decided March 16, 2006.

Harrison Stewart Latto, Esq., Law Office of Harrison S. Latto, Portland, OR, for Petitioner–Appellant.

Lynn David Larsen, AAG, Office of the Oregon Attorney General, Salem, OR, for Respondent–Appellee.

Before FERNANDEZ, TASHIMA, and PAEZ, Circuit Judges.

## MEMORANDUM **

Melvin L. Laird appeals the district court's dismissal of his habeas corpus petition. The district court determined that Laird had not filed within the one year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). We affirm.

Laird asserts that he is entitled to equitable tolling because of his lawyer's negligent advice regarding the statute of limitations.[1] However, it is well settled that

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. The district court did not grant a certificate of appealability on this issue, but the parties agree that it probably meant to do so, and they have fully briefed it. We, therefore, expand the certificate of appealability to include the issue. *See* 9th Cir. R. 22–1(e) & advisory committee note; *Schardt v. Payne*, 414 F.3d 1025, 1032 (9th Cir.2005).

mere negligent advice about the statute of limitations will not support a claim of equitable tolling. *See Miranda v. Castro,* 292 F.3d 1063, 1066–67 (9th Cir.2002); *Frye v. Hickman,* 273 F.3d 1144, 1146 (9th Cir. 2001); *see also Spitsyn v. Moore,* 345 F.3d 796, 800 (9th Cir.2003). Thus, the district court did not err.[2]

AFFIRMED.

2. Laird has not briefed the issues mentioned in the certificate of appealability. Those are waived. *See Jones v. Wood,* 207 F.3d 557, 562 n. 2 (9th Cir.2000).