**Robert Sanford DIETRICH,
Petitioner–Appellant,**

v.

**Stan W. CZERNIAK, Superintendent,
Oregon State Penitentiary,
Respondent–Appellee.**

No. 04–36063.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 13, 2006.

Filed Sept. 28, 2006.

---

1. *See, e.g., In Re Bunyan*, 354 F.3d 1149, 1150 (9th Cir.2004).

2. *See In re Manning*, 236 B.R. 14, 19 (9th Cir.BAP 1999) (applying abuse of discretion review to 11 U.S.C. § 304).

3. § 304 was repealed by Act April 20, 2005 P.L. 109–8, Title VIII, § 802(d)(3), effective 180 days after enactment. However, the new statute is inapplicable to cases commenced under Title 11 before the effective date, as provided by § 1501 of the Act, which appears as 11 USCS § 101 note. Tcherevik's initial petition was filed in October of 2003, thus this appeal is still governed by § 304.

Anthony David Bornstein, Esq., FPDOR–Federal Public Defender's Office, Portland, OR, for Petitioner–Appellant.

Paul L. Smith, Esq., Salem, OR, for Respondent–Appellee.

Before: HAWKINS, SILVERMAN, and GOULD, Circuit Judges.

MEMORANDUM *

Petitioner Robert Dietrich ("Dietrich") appeals the district court's ruling that statutory and equitable tolling are inapplicable to prevent his habeas petition from being time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2241 *et. seq.* We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253. We affirm in part, and vacate and remand in part.

On January 29, 1997, Dietrich, with the assistance of appointed counsel, sought post-conviction relief in the Oregon trial court based on claims that his trial counsel was incompetent and Petitioner entered into an involuntary plea agreement. The trial court denied post-conviction relief. After a timely appeal, the Oregon Court of Appeals granted Respondent's motion for summary affirmance on January 22, 1999. When Petitioner did not seek discretionary review, the appeals court issued a final judgment on April 8, 1999 dismissing the claims.[1] Almost a year later, Dietrich learned of the dismissal by obtaining a copy of the docket sheet. He then promptly mailed a *pro se* motion for leave to file a late petition for discretionary review with the Supreme Court of Oregon, which was docketed on May 17, 2000. According to Dietrich, post-conviction counsel did not notify him of the result of the post-conviction review, despite Dietrich's several inquiries about the status of the appeal. The Supreme Court of Oregon granted Dietrich's motion for leave to file a late petition, but denied the petition on the merits on February 6, 2001.

The district court dismissed Petitioner's federal petition for habeas corpus as untimely. Adopting the Magistrate Judge's Findings and Recommendation, the district court held that under 28 U.S.C. § 2244(d)(2) and *Carey v. Saffold,* 536 U.S. 214, 122 S.Ct. 2134, 153 L.Ed.2d 260 (2002), the interval between the April 8, 1999 judgment and Petitioner's May 17, 2000 motion for leave to file an untimely petition was not tolled by the statute because no state application was "pending" during this period.[2] The district court also

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. Under Oregon law, a petitioner is allowed 35 days to file a petition for discretionary review with the Supreme Court of Oregon. *See* Or.Rev.Stat. § 2.520 and Or. R.App. P.

§ 9.05. Petitioner's time for filing a petition for discretionary review expired on February 26, 1999.

2. Because eighty-five days remained under the statute of limitations when Petitioner filed his initial state application on January 29, 1997, his federal petition was time-barred in

held that equitable tolling was unjustified because allegations that counsel failed to notify Petitioner of the appellate judgment at best amounted to ordinary attorney negligence.

We review *de novo* the district court's denial of a petition for writ of habeas corpus as untimely. *Miles v. Prunty,* 187 F.3d 1104, 1105 (9th Cir.1999). Findings of fact are reviewed for clear error. *Riley v. Payne,* 352 F.3d 1313, 1317 (9th Cir. 2003).

## I. Statutory Tolling

■ Petitioner is not entitled to statutory tolling because he had no application for post-conviction relief pending during the interim between the April 8, 1999 judgment and Petitioner's May 17, 2000 motion for leave to file an untimely petition. In a recent decision clarifying *Saffold,* 536 U.S. 214, 122 S.Ct. 2134, the United States Supreme Court held that "[t]he time that an application for state postconviction review is 'pending' includes the period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, *provided that* the filing of the notice of appeal is timely under state law." *Evans v. Chavis,* 546 U.S. 189, 126 S.Ct. 846, 849, 163 L.Ed.2d 684 (2006) (emphasis original).

Here, Dietrich did not under state law file a timely petition for discretionary review in the Supreme Court of Oregon. A person may petition the state supreme court "within 35 days after the date of the decision." Or.Rev.Stat. § 2.520. A petition after the 35–day period is late, even if the state supreme court forgives the untimeliness by granting a motion for leave

light of the untolled period after the state court of appeals judgment.

**3.** Dietrich's request for discretionary review to the Supreme Court of Oregon was entitled

to file a late petition.[3] When Petitioner's substantive claims were dismissed under the April 8, 1999 judgment, his application ceased to be "pending" in the ordinary appellate process. Dietrich's case was pending until April 8, 1999, and then was pending *again* after Dietrich re-opened the case by seeking discretionary review through the May 17, 2000 motion. The interval between the pendencies, however, is not tolled by the statute because at that time the claim for relief was not pending. 28 U.S.C. § 2244(d)(2).

## II. Equitable Tolling

The mere ineffective assistance of post-conviction counsel cannot be the basis for equitable tolling. *See Miranda v. Castro,* 292 F.3d 1063, 1067–1068 (9th Cir.2002) (holding appointed counsel's miscalculation of the AEDPA limitations period was not grounds for equitable tolling because petitioner has no right to effective assistance of counsel during the post-conviction phase). We have acknowledged, however, "that where an attorney's misconduct is sufficiently egregious, it may constitute an 'extraordinary circumstance' warranting equitable tolling of AEDPA's statute of limitations." *Spitsyn v. Moore,* 345 F.3d 796, 800 (9th Cir.2003) (remanding for determination of equitable tolling where retained post-conviction counsel made affirmative statements that he would file federal habeas petition but failed to do so, and where counsel did not release file to petitioner upon request). Determining whether equitable tolling is warranted is a "fact-specific inquiry." *Frye v. Hickman,* 273 F.3d 1144, 1146 (9th Cir.2001).

"Motion for Leave to File *Late* Petition for Review and Substitute Counsel." (Emphasis added).

■ Here, no evidentiary hearing was held. The district court adopted the Magistrate Judge's determination that equitable tolling was not warranted where Petitioner recited that "the attorney failed to notify him when the Oregon Court of Appeals granted the state summary affirmance, failed to notify him that he needed to seek review within 35 days, and failed to inform him of the issuance of the appellate judgment." The district court, however, did not note the alleged attempts by Petitioner and his mother to reach the post-conviction counsel to inquire about Petitioner's case status. These facts were alleged in the record in Petitioner's brief in support of his May 17, 2000 motion for leave to file late petition.[4] It is thus unclear to what extent, if any, post-conviction counsel's lack of communication with or non-responsiveness to Petitioner and his mother hindered Petitioner from proceeding with his state application. *See Spitsyn*, 345 F.3d at 801 ("[W]ithout the file ... it seems unrealistic to expect [petitioner] to prepare and file a meaningful petition on his own within the limitations period."). Because we consider there to be an insufficient development of the record, we cannot determine whether Petitioner faced extraordinary circumstances sufficient to justify equitable tolling. We conclude that a remand is appropriate for an evidentiary hearing, to be followed by the district court's legal ruling on equitable tolling. The district court in the evidentiary hearing should determine the circumstances in which Petitioner attempted to inquire about the status of his case and obtain his file and any impact these circumstances, once determined by the district court, may have had on Petitioner's ability to advance his interests in seeking a timely discretion-

ary review by the Supreme Court of Oregon of his post-conviction claims for relief.

The district court's dismissal of Dietrich's petition as time-barred is **VACATED**. The case is **REMANDED** to the district court for an evidentiary hearing related to equitable tolling and for other proceedings not inconsistent with this decision.

---

4. The details of Petitioner's prior allegations are recited in the Petitioner's unsuccessful request to the district court for an evidentiary hearing, within Exhibit 130 to that request.