**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DARREL KING, | No. 07-17105 |
| Petitioner - Appellant, | D.C. No. CV-06-07484-SBA |
| v. | |
| FERNANDO GONZALEZ, Acting Warden of the California Correctional Institution, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Saundra B. Armstrong, District Judge, Presiding

Submitted June 18, 2010[**]
San Francisco, California

Before: TYMKOVICH,[***] BYBEE and N.R. SMITH, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. ¶ 34(a)(2).

[***]    The Honorable Timothy M. Tymkovich, Circuit Judge for the Tenth Circuit Court of Appeals, sitting by designation.

Petitioner-Appellant Darrel King appeals the district court's decision granting Respondent-Appellee's motion to dismiss and denying King's petition for writ of habeas corpus. Although King concedes that his habeas petition was untimely under the one-year period of limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996, he argues that the district court erred in holding that equitable tolling does not apply. We review this determination *de novo*, *see Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003), and we affirm.

Equitable tolling is available only if "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Id.* at 799 (quotation marks omitted). We have consistently held that "miscalculation of the limitations period by [petitioner's] counsel and his negligence in general do not constitute extraordinary circumstances sufficient to warrant equitable tolling." *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001). Because King's attorney made a good faith effort to file King's habeas petition but simply miscalculated the filing deadline, his conduct was negligent at worst and does not constitute extraordinary circumstances sufficient for equitable tolling. And given our consistent proclamations that an attorney's negligent miscalculation of a filing deadline is insufficient to justify equitable tolling, we reject the argument that such a miscalculation is sufficient when coupled with a client's requests for diligence.

*See id.*

AFFIRMED.