**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

BEN NOYAKUK,

               Petitioner - Appellant,

   v.

CRAIG TURNBULL,

             Respondent - Appellee.

No. 08-35946

D.C. No. 3:07-cv-00191-JWS-DMS

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Alaska
John W. Sedwick, District Judge, Presiding

Argued and Submitted June 26, 2012
Anchorage, Alaska

Before: GOODWIN, W. FLETCHER, and M. SMITH, Circuit Judges.

Petitioner-Appellant Ben Noyakuk appeals the dismissal of his habeas

corpus petition as untimely. As the facts and procedural history are familiar to the

parties, we do not recite them here except as necessary to explain our disposition.

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

     [*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Noyakuk concedes that he filed his habeas corpus petition under 28 U.S.C. § 2254 two days after the expiration of the one-year statute of limitations. 28 U.S.C. § 2244(d)(1). However, he contends that he is entitled to equitable tolling because his attorney at trial and on direct appeal led him to believe that it was not possible to file a habeas petition to challenge the denial of a suppression motion.

To receive equitable tolling, the petitioner must show: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Mere attorney negligence does not give rise to equitable tolling. In *Frye v. Hickman*, 273 F.3d 1144 (9th Cir. 2001), this court held that the "miscalculation of the limitations period by [petitioner's] counsel and his negligence in general do not constitute extraordinary circumstances sufficient to warrant equitable tolling." *Id.* at 1146; *see also Miranda v. Castro*, 292 F.3d 1063, 1068 (9th Cir. 2002) (same). The statement by Noyakuk's attorney was incorrect and likely negligent, but under *Frye* and *Miranda*, such negligence does not rise to the level of "extraordinary circumstances" that allow equitable tolling. Accordingly, we agree with the district court that Noyakuk's petition was untimely.

**AFFIRMED.**

2