TASHIMA, J.,
concurring:
I concur in the judgment affirming the district court’s judgment that Shields’s federal habeas petition is untimely.
When considering equitable tolling, a court cannot simply stop the statute of limitations clock when extraordinary circumstances begin and restart the clock when those extraordinary circumstances end. A “ ‘petitioner’ is ‘entitled to equitable tolling’ only if he shows ... that some extraordinary circumstance stood in his way’ and prevented timely filing.” Holland v. Florida, — U.S. —, —, 130 S.Ct. 2549, 2562, 177 L.Ed.2d 130 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005) (emphasis added)); see also Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir.2001) (stating that extraordinary circumstances must have “made it impossible to file a petition on time”).
Shields alleges that he faced extraordinary circumstances when he: (1) was mentally incapacitated while in the Mental Outpatient Housing Unit (“MOHU”); and (2) was unable to do any legal work while in administrative segregation, in the MOHU, when the library was closed, and before he received the transcript. None of these alleged deprivations occurred after February 6, 2007 — almost a year before Shields filed his federal habeas petition. Shields has not shown that these circumstances prevented a timely federal filing, as he is required to do. Accordingly, he is not entitled to equitable tolling.
For these reasons, I concur in the judgment affirming the district court’s dismissal of Shields’ habeas petition.